### MARY A. FOSTER *vs.* MARTIN T. WATERMAN.

Middlesex. Jan. 18. — June 29, 1878. COLT & AMES, JJ., absent.

A statute of New Hampshire provides that a petitioner may have leave to adopt a child as his own by decree of the Probate Court, in the county where the petitioner or the child resides, setting forth the facts and ordering that, from the date of the decree, the child shall, to all intents and purposes, be the child of the petitioner, and that a child so adopted shall be, for the purpose of inheritance by such child, and all other legal consequences and incidents of the natural relation of parents and children, the child of the parents by adoption; and that the natural parents of the child shall be deprived, by the decree, of all legal rights as respects the child. *Held*, in the absence of other evidence of the law of New Hampshire than that afforded by the statute itself, that the statute did not apply to the case of an adoption, in that state, of a child domiciled there by persons then and since domiciled in this Commonwealth.

APPEAL by Martin T. Waterman, in his own right and as guardian of his adopted child, from a decree of the Probate Court, appointing commissioners, on the petition, dated September 25, 1876, of Mary A. Foster, to make partition of a parcel

of land in Newton, in accordance with the petition. The petition set forth that the petitioner and Sarah E. Small were seised and possessed each of one undivided fourth of the land, and that the shares were not in dispute.

The case was heard before *Soule*, J., who reserved it for the consideration of the full court upon the following facts agreed:

Martin T. Waterman, the appellant, and Asa Bodge, were seised in fee of the premises described in the petition, as tenants in common, each of an undivided half thereof. Bodge died testate on or about October 4, 1867, and by his will, which was duly proved and allowed, gave the use of his moiety of the premises to his wife, Sarah E. Bodge, during her life, and, at her decease, he gave said moiety to his three daughters, Sarah E. Small, Mary A. Foster, and Esther D. Waterman, in fee, share and share alike. Sarah E. Bodge died prior to the filing of this petition. Esther D. Waterman was the lawful wife of Martin T. Waterman, and died after the death of Sarah E. Bodge, and before the filing of this petition, intestate, having had no child by Martin T. born alive.

By a decree of the Probate Court in and for the county of Hillsborough, in the State of New Hampshire, on November 15, 1870, " upon petition of James Campbell, Jr., and his wife, Annette Campbell, of Mason, in said county, and upon petition of Martin T. and Esther D. Waterman, of Newton in the county of Middlesex and Commonwealth of Massachusetts, Ida A. Campbell, a child of said James and Annette Campbell, is from this date the adopted child of said Martin T. and Esther D. Waterman; and said child is from this date, to all legal intents and purposes, the child of said Martin T. and Esther D., the same as if born to them in lawful wedlock; and the name of said child is changed, and from this date she shall take the name of Florence Esther Waterman."

The statutes of New Hampshire, in force at the date of the adoption of this child, provide that petitioners may have leave to adopt a child as their own by decree of the Probate Court in the county where the petitioner or the child resides, setting forth the facts, and ordering " that from the date of the decree the child shall, to all legal intents and purposes, be the child of the petitioner;" that " a child so adopted shall be, for the purposes

of inheritance by such child and all other legal consequences and incidents of the natural relation of parents and children, the child of the parents by adoption, the same as if he had been born to them in lawful wedlock, except that he shall not be capable of taking property expressly limited to the heirs of the body or bodies of the parents by adoption;" that "the natural parents of the child shall be deprived, by the decree, of all legal rights as respects the child, and the child shall be freed from all obligations of maintenance and obedience as respects his natural parents;" and that, "if in a petition for the adoption of a child a change of the child's name.is requested, the court, upon decreeing the adoption, may also decree such change of name." [Gen. Sts. of N. H. 1867, c. 169, §§ 3–6.]

The appellant contended that Mary A. Foster and Sarah E. Small were entitled to only one third each of the moiety of which Bodge died seised; that the appellant was entitled, in addition to his moiety, to one third of the other moiety for life, as tenant by the curtesy; and that his adopted child was entitled to this third, subject to his life estate; or, if he was not entitled to a life estate in this third, then that his adopted child was entitled to this third in fee.

*W. F. Slocum & W. S. Slocum*, for the appellant.

*J. Hillis*, for the appellee.

GRAY, C. J. The law of New Hampshire, as recited in the case stated, (which is the only evidence thereof before us,) declares that, upon a decree of adoption according to that law, the child shall become to all intents and purposes, including inheritance and all other legal consequences and incidents of the natural relation of parent and child, (except taking property expressly limited to heirs of the body,) the child of the persons adopting him, and contemplates that, immediately upon such decree, their domicil shall become his.

Such a statute is not to be presumed to extend to a case in which the domicil of those petitioning for leave to adopt a child is in another state; the provision, in the statute of New Hampshire, that the decree may be made in the county where the petitioner or the child resides, implies that the statute is intended to be limited to cases in which all parties have their domicil in that state; and there is no presumption in favor of the juris-

diction of a probate court, exercising a special authority conferred by statute, and not according to the usual course of proceedings at common law or in chancery. *Commonwealth* v. *Blood,* 97 Mass. 538. *Galpin* v. *Page,* 18 Wall. 350, 371.

It being admitted in this case that both the parents by adoption always had their domicil in this Commonwealth, it follows that, upon the facts agreed, the decree in New Hampshire was of no legal effect, and it is unnecessary to consider how far a legal adoption in another state can confer rights of inheritance or succession in this Commonwealth. *Decree affirmed.*