Rockingham, }
April 6, 1915. }

### EVALENA W. F. ANDERSON v. IRVING J. FRENCH & a.

Under section 5, chapter 181, Public Statutes, a person who was legally adopted in Massachusetts is heir-at-law of the adoptive father and is entitled to share in personal property of a deceased resident of this state, in which the father, if living, would have a right of inheritance.

The children of deceased brothers of an intestate, being related to the latter in the same degree, take *per capita* and not *per stirpes*.

APPEAL, from a decree of the probate court for Rockingham county, in the matter of the distribution of the estate of Mary C. Fitts. Transferred without ruling from the April term, 1914, of the superior court by *Pike*, C. J., on an agreed statement of facts.

Mary C. Fitts was a resident of Newfields and died there on February 8, 1912, intestate, leaving personal property. She had in her lifetime two brothers, S. Franklin and George H. French. S. Franklin died at Newfields on November 14, 1911, leaving as his sole heir-at-law Evalena W. F. Anderson, an adopted daughter, who is the appellant. George H. died on October 2, 1906, leaving as heirs-at-law three sons, Warren K., George F., and Irving J. French, who are the appellees. The intestate had no other next of kin. The appellant was adopted in Massachusetts in 1874, but removed

to this state with her adoptive father in 1893 and has since resided here.

The probate court decreed that Evalena was not entitled to share in the estate of Mary C. Fitts, and from that decree this appeal was taken. The appellant claims that, as an adopted daughter of S. Franklin French, she has a right of inheritance to that part of the estate which her adopted father would have inherited had he survived his sister. The appellees contend that the appellant is not entitled to any part of the estate.

*Herbert L. Grinnell, Jr.,* and *G. K. & B. T. Bartlett (Benjamin T. Bartlett* orally), for the plaintiff.

*Eastman, Scammon & Gardner (Mr. Gardner* orally), for the defendants.

PLUMMER, J. The appellant having been legally adopted in Massachusetts, under adoption laws similar to those in this state, that adoption should be recognized here. *Ross* v. *Ross,* 129 Mass. 243; *Van Matre* v. *Sankey,* 148 Ill. 536; *Calhoun* v. *Bryant,* 28 S. D. 266. "There is . . . no doubt as to the general principle that the *status* acquired by adoption in a state or country having jurisdiction will be recognized both for the purpose of the descent of real, and the distribution of personal, property in other states or countries, at least in those whose laws provide for adoption." 1 Whart. Conf. Laws (3d ed.) 568.

Section 8, chapter 310, of the Acts and Resolves of Massachusetts of 1871, in force at the time of the adoption, and now, so far as the inheritable rights of the appellant in this case are concerned, provides that "a child or person so adopted shall be deemed for the purpose of inheritance, and all other legal consequences of the natural relation of parent and child, to be the child of the parent or parents by adoption, as if born to them by lawful wedlock, except that he shall not take property expressly limited to the heirs of the body or bodies of the parents by adoption, nor property from the lineal or collateral kindred of such parents by right of representation." Section 5, chapter 181, of the Public Statutes of New Hampshire, is as follows: "The child so adopted shall bear the same relation to his adopting parents and their kindred in respect to the inheritance of property and all other incidents pertaining to the relation of parent and child as he would if he were the natural child of such par-

ents, except he shall not take property expressly limited to the heirs of the body or bodies of the adopting parents, and if he dies under age or intestate, leaving property received by gift or inheritance from his natural kindred, such property shall be distributed as if there had been no decree of adoption."

It will be seen that by the statute of Massachusetts, where the appellant was adopted, she cannot inherit any of the estate of Mary C. Fitts, who was the sister of her adoptive father; but under the statute of this state, she is entitled to inherit a portion of that estate if she can be here treated as an adopted child. The question for decision, therefore, is whether the capacity of the appellant to inherit as an adopted child is governed and limited by the law of Massachusetts, where she was adopted, or by the law of this state, where the one from whom she seeks to inherit personal property had her domicile at the time of her death. The legality of the adoption is decided by the law of the state where the adoption took place; but that relation or *status* having been established, what the adopted child shall inherit should be determined in the case of personalty by the *lex domicilii* of the owner at the time of his decease, and real estate by the *lex rei sitœ*. 14 Cyc. 21.

*Ross* v. *Ross, supra*, is regarded as the leading case upon this subject in this country; but the courts do not interpret the language of the opinion alike, and it is found cited upon both sides of the question under discussion. The case did not really call for a decision of the principle involved here, as will be seen by consideration of the facts, which were as follows: A child was adopted in Pennsylvania under a statute of adoption similar to Massachusetts, and subsequently the adoptive parents and child moved to Massachusetts, and the adoptive father died there, intestate, leaving real estate. The laws of Massachusetts and Pennsylvania gave an adopted child the same rights in the estate of the adopting father. Under that situation, the court decided that the adopted child was entitled to inherit the real estate of his adopting father. The only decision required was whether Massachusetts would recognize the adoption in Pennsylvania, for the rights of inheritance of the adopted child were the same in each state; therefore, any statements made by the court in that opinion bearing upon the question in dispute in this case are *dicta*. We do not understand, however, that Chief Justice *Gray* intended his opinion to convey the idea that an adopted child is to inherit in accordance with the laws of the state where he was adopted, without regard to the laws of

the state where he is seeking to enforce his rights of inheritance, for he states: "It is a general principle, that the *status* or condition of a person, the relation in which he stands to another person, and by which he is qualified or made capable to take certain rights in that other's property, is fixed by the law of the domicile; and that this *status* and capacity are to be recognized and upheld in every other state, so far as they are not inconsistent with its own laws and policy."

The appellees cite and rely upon *Meader* v. *Archer*, 65 N. H. 214. In this case it appears that the defendant, as an adopted child, could not inherit under the Massachusetts law. Whether he could under the New Hampshire statute does not appear to have been considered. The appellees in their brief say that the following cases are practically to the same effect as *Ross* v. *Ross*, *supra*: *Melvin* v. *Martin*, 18 R. I. 650; *Smith* v. *Kelly*, 23 Miss. 167; *Finley* v. *Brown*, 122 Tenn. 316; *Gray* v. *Holmes*, 57 Kan. 217; *Van Matre* v. *Sankey*, *supra*. The above statement in relation to these cases is, generally speaking, true. In each of them the laws governing the descent and distribution of property to adopted children were the same in the state of the forum as they were in the state where the adoption took place; but it is apparent from reading the opinions that if the laws of the states had been different or inconsistent, the laws of the forum would have controlled.

In *Van Matre* v. *Sankey*, *supra*, the court ruled that a child legally adopted in Pennsylvania could inherit real estate owned by her adoptive father in Illinois, because the laws of Illinois and Pennsylvania relating thereto were the same; but the opinion plainly indicates that if the laws of Pennsylvania had been inconsistent with the laws of Illinois, those of the latter state would have governed. *Keegan* v. *Geraghty*, 101 Ill. 26, recognized the principle that in the descent of real estate the *lex rei sitæ* should govern, without regard to the law of the state where the adoption took place. In that case the plaintiff was entitled to inherit by representation from collateral kindred of the adopting parent the realty in question, under the laws of Wisconsin, the state of adoption, but not in Illinois, where the real estate was situated, and it was held that the plaintiff could not recover, as the laws of Illinois must control. The court in the opinion said: "According to the principle laid down in the case of *Ross* v. *Ross*, *supra*, as we understand and accept it, the rights of inheritance acquired by the adopted child under the law of Wisconsin will be recognized and upheld in this state only so far

as they be not inconsistent with our law of descent, so that if, by
our own statute of adoption, the petitioner could not take in this
case under our statute of descent, then she cannot take no matter
what may be the law of Wisconsin in respect to the rights of an
adopted child."

The appellees rely upon *Estate of Sunderland*, 60 Ia. 732. In
this case the appellant, who was adopted in Louisiana, was entitled
to inherit the real estate in controversy under the laws of Iowa,
where it was situated, but not in Louisiana, and the court held that
the laws of the latter state must control. The case, however, is
*sui generis*. The adoption was by special act of the legislature of
Louisiana, and the court ruled that the rights of the adopted child
were defined and fixed by the special act of adoption.

In *Shick* v. *Howe*, 137 Ia. 249, cited by both parties, the adoption
was in New York, the domicile of the owner of the property that
the adopted child sought to inherit was in Iowa, and it appears that
the rights of inheritance of the adopted child, so far as this case was
concerned, were substantially the same in New York as in Iowa,
both giving the adopted child the right of inheritance; but the court
in the opinion construes the Iowa statute and bases the decision
upon it, holding that the adopted child is entitled to receive the
property under their statute. The laws of this state, the domicile
of Mary C. Fitts at the time of her death, should govern in the
distribution of her personalty, and the persons entitled to take the
estate should be ascertained by our laws of distribution.

*Ennis* v. *Smith*, 14 How. 400, held that personal property, in
case of intestacy, is to be distributed by the law of the domicile
of the intestate at the time of his death; and the court states that
"the rule prevails, also, in the ascertainment of the person who is
entitled to take as heir or distributee. It decides whether primo-
geniture gives a right of preference, or an exclusive right to take the
succession; whether a person is legitimate or not to take the succes-
sion; whether the person shall take *per stirpes* or *per capita*, and
the nature and extent of the right of representation." The rule
laid down in the above case as to the distribution of personalty is
fully recognized and upheld in this state. *Goodall* v. *Marshall*,
11 N. H. 88; *Leach* v. *Pillsbury*, 15 N. H. 137; *Mann* v. *Carter*, 74
N. H. 345, 349.

In *Harrison* v. *Nixon*, 9 Pet. 483, Justice *Story* held that who is
meant by the words "heir-at-law" in a will disposing of personalty
is to be ascertained by the law of the domicile of the testator, and

the estate is to be distributed in accordance with that law. "It is an established doctrine, not only of international law but of the municipal law of this country, that personal property has no locality. It is subject to the law which governs the person of the owner, as well in respect to the disposition of it by act *inter vivos*, as to its transmission by last will and testament, and by succession upon the owner dying intestate." *Parsons* v. *Lyman,* 20 N. Y. 103. "The nature of the interest of legatees is . . . regulated by the law of the testator's domicile." 2 Whart. Conf. Laws (3d ed.) 1291. "The primary probate jurisdiction of wills, and of every-thing pertaining to the settlement of estates, is exclusively in the place of the domicile of the deceased." *Leonard* v. *Putnam,* 51 N. H. 247, 250.

A marriage legal in one state is legal in every state; but the distributive share of the wife in her husband's estate is not ascertained by the law of the state where the marriage took place, but by the law of the husband's domicile at death. This principle is universally recognized and is not questioned by the appellees. On the other hand, they say that the *status* of marriage has no analogy to adoption, because it is a very ancient custom. Whatever may be said as to the *status* of marriage and adoption, the rights of inheritance as to both relations are governed largely by statute in this country; and no logical reason has been advanced, and none occurs to us, why the rights of a married woman in her husband's personalty should be determined in accordance with the laws of his last domicile, and the rights of an adopted child in relation to personalty by the laws where the adoption occurred, regardless of the domicile of the owner at the time of his death. "The law of the state where the marriage is consummated establishes the 'relationship' of one to the other as husband and wife or parent and child, which is universally recognized, but the mere incidents flowing from that '*status*' or relationship are controlled by the law of the domicile of the parties or the *situs* of the property. The interest of the wife in the husband's property, whether she take as heir or otherwise, is wholly a creation of statute law precisely as is the right of inheritance between parent and child natural or adoptive, and we see no reasonable ground for distinction between the two as to the principle under discussion." *Calhoun* v. *Bryant, supra.*

Rights of inheritance in property do not accrue until the death of the owner; and the rights of an adopted child to inherit cannot be fixed and determined when the adoption takes place, for such

rights may be changed, modified, or repealed by the legislature of the state. They are separate and distinct from the act of adoption. What an adopted child shall inherit is not ascertained by the law in force at the time of the adoption, but at the death of him from whom he seeks to take. The relationship of an adopted child to his adopting parents is not subject to change; the inheritable capacity of such child may, however, be changed at any time. Consequently, the rights of the adopted child to inherit property should be determined when and where inheritance is sought, in accordance with the ordinary rule.

In *Dodin* v. *Dodin*, 16 N. Y. App. Div. 42, the question was whether the adopted child could inherit. As the law was at the time of the adoption, she could not; but such right was granted to adopted children after her adoption and prior to the death of her adopting father. The court in the opinion said: "The adoption pursuant to the act of 1873 created the relation of parent and child. . . . This being the existing relation between them, the *status* of the child in respect to her inheritable capacity was distinct from and independent of the act of adoption, and was subject to legislative control. The endowing her with the former by a later statute had no effect upon the act of adoption. It merely modified the law of descent as applied to children before then adopted, as well as those who should thereafter be placed in that relation."

The recent case of *Sorenson* v. *Rasmussen*, 114 Minn. 324, held that a statute giving the same right of inheritance to adopted children that natural children enjoyed applied to children adopted before the passage of the act, and the court stated: "Rights by inheritance in an estate do not accrue until the death of the owner intestate. A law providing for the future descent of property is prospective. The statute in question, at its passage, related to future inheritances by adopted children. It conferred or took away no present right. A law of inheritance making a change in the prior law as to adopted children—a numerous, permanent, existing class of persons—does not differ in principle from a law making a change in the rules of inheritance of property by force of the relationship of husband or wife or through the relationship between other classes, and no different rule of construction of a statute effecting such change is required." To the same effect are *Theobald* v. *Smith*, 103 N. Y. App. Div. 200, and *Gilliam* v. *Trust Co.*, 186 N. Y. 127.

The most recent case upon the subject under discussion is *Calhoun* v. *Bryant, supra*, in which the court in a well considered opinion

held that in the descent of realty the *lex rei sitæ* controlled. The conclusion of the court is as follows: "We believe the reasoning of these cases, as well as the great weight of authority, sustains the broad proposition that adoption in another state or country, between persons who might lawfully enter into the same relationship under the law of the former, will be recognized, but that the incidents growing out of such relationship, such as the right of inheritance of real property, will be governed by the law of the *situs* of property."

The latest text-books upon the subject of domestic relations recognize the rule that the descent of personalty to adopted children is controlled by the *lex domicilii* of the owner. The *status* of "an adopted child is determined by the law of the state of the adoption; but his right of inheritance, as an adopted child, by the law of the domicile of the deceased." Peck Dom. Rel., *s.* 106; Spencer Dom. Rel., *s.* 465; Rodgers Dom. Rel., *s.* 460.

The uniform administration of the law of descent demands that, as to personalty, the law of the owner's domicile at death shall control the inheritable rights of adopted children, the same as of husband and wife, or of other classes. The determination of this case in conformity with the claim of the appellees would result in distributing personalty of one domiciled at her decease in this state, and subject to our laws, in accordance with the laws of Massachusetts.

The appellant, being legally related to the intestate in the same degree as the appellees, would inherit *per capita*, not *per stirpes*, and can therefore take only one fourth of the estate. *Nichols* v. *Shepard*, 63 N. H. 391.

*Appeal sustained: decree of probate court set aside.*

WALKER, YOUNG, and PEASLEE, JJ., concurred.

PARSONS, C. J., *dissenting.* The deceased, Mary C. Fitts, died a resident of this state. Her estate is here administered, and distribution thereof must be in accordance with the law of this state. Upon the facts stated, it is to be equally divided among her next of kin. P. S., *c.* 196, *s.* 1, *cl.* IV. The appellant, if she is of the next of kin, is entitled to share therein; if not, she takes nothing. She is not next of kin by nature, but claims that relation by force of a decree of a probate court of Massachusetts making her the

child by adoption of a brother of the deceased. Not being next
of kin by nature, she can be next of kin in law only by force of
some statute operating upon the Massachusetts decree of adoption.
She is not given that relation by the Massachusetts statute, for
that expressly excludes a child adopted as she was from inheriting
from the lineal or collateral kindred of her adopted parents. Mass.
Acts and Resolves 1871, c. 310, s. 8; *Meader* v. *Archer*, 65 N. H. 214.
As the *status* of next of kin to the deceased was not created for her
in Massachusetts, the question whether, if Massachusetts had
attempted to create that relation, such relationship so created
would as matter of comity be recognized in this state is not presented.
Not having acquired the necessary relationship to the deceased by
the Massachusetts decree, she claims to have done so under the New
Hampshire statute of adoption. No decree has been rendered by
a New Hampshire court creating the relationship; and if one had
been rendered here at the time of her adoption in Massachusetts,
the decree would have been void because of non-residence of the
parties. *Foster* v. *Waterman*, 124 Mass. 592.

Chapter 181 of the Public Statutes provides for the adoption of
a child by an inhabitant of this state, by proceedings in the probate
court. Sections 5 and 6 declare the effect of such adoption upon
the relationship of the child to the adopting and the natural parents
of the child. Section 5 is: "The child so adopted shall bear the
same relation to his adopting parents and their kindred in respect
to the inheritance of property . . . as he would if he were the
natural child of such parents," with an exception not material in
the present case. If the appellant had been adopted under this
statute, she would be next of kin to the deceased because the statute
makes that relationship or *status* result from the decree. There
is no other statute upon the subject, and the plaintiff cannot main-
tain her claim except under it. To sustain her claim, the intent
of the legislature in enacting it must have been not only to declare the
rights of inheritance resulting from the jurisdiction conferred upon
the probate court, but to provide for the right of inheritance of
children wherever adopted, with whatever rights acquired by the
decree of adoption.

The statute of adoption first passed in 1862 was plainly copied
in the main from the Massachusetts statute. Laws 1862, c. 2603;
Mass. G. S. (1860), c. 110. It is said of the Massachusetts statute
by Chief Justice *Gray* in *Ross* v. *Ross*, 129 Mass. 243, 267: "But
it appears to us . . . that the legislature, throughout these

statutes, had solely in view adoption by or of inhabitants of this commonwealth, and did not intend either to regulate the manner, or to define the effects, of adoption by and of inhabitants of other states according to the law of their domicile." As this language was used in 1878, after the enactment of the statute here, it is not conclusive of the legislative meaning in adopting similar provisions, but it is an authority of great weight upon the probable legislative purpose. *Libby* v. *Hutchinson*, 72 N. H. 190, 192; *Parsons* v. *Parsons*, 67 N. H. 419.

A statute of Massachusetts passed in 1876 provided that "an inhabitant of another state, adopted as a child in accordance with the laws thereof, shall upon proof of such fact be entitled in this commonwealth to the same rights, as regards succession to property, that he would have enjoyed in the state where such act of adoption was executed," except as the same conflicted with the law of Massachusetts. Mass. P. S., *c.* 148, *s.* 9. No such statute has been passed here; and although the statutes have been three times revised since 1862, the provision for inheritance by adopted children has never been placed in the general chapter upon inheritance, but has always been retained in the chapter upon adoption. It is fairly inferable that the provision has always been regarded here, as in Massachusetts, as relating to the specific subject of adoption under the law of the state, and not as a general provision for inheritance by adopted children.

Since the construction given the language by Judge *Gray* in 1876, the section has been twice reënacted here without change. While it cannot be assumed that the legislature intended to adopt the Massachusetts construction as in the case of prior judicial construction by the courts of this state (*Burgess* v. *Burgess*, 71 N. H. 293; *Parsons* v. *Durham*, 70 N. H. 44, 45), the fact of such prior judicial construction is evidence entitled to consideration. The language of the section, the purpose of its adoption, its treatment in subsequent revisions, and the judicial construction elsewhere given to the same language, all lead to the conclusion that the legislature in enacting section 4, chapter 2603, Laws of 1862, and section 5, chapter 181, of the Public Statutes, did not understand they were defining the relations of adopting parents and their kindred with children by adoption under the decrees of courts other than our own.

It is to be kept in mind that the question is not whether the appellant has acquired the *status* of an adopted child of a brother

of the deceased intestate, but whether she has acquired the *status* of next of kin to her so as to be entitled under New Hampshire law to share in the distribution of the estate.

It is held in *Ross* v. *Ross*, 129 Mass. 243, and other cases following it (see 16 Ann. Cas. 779), that a *status* of inheritance created by a decree of adoption of another state will be recognized in the state of distribution, where the creation of such rights by adoption is not in conflict with the laws or policy of the state. In *Meader* v. *Archer*, 65 N. H. 214, the defendant, to prevail, must have established a capacity to inherit through his adopted father. No such capacity having been conferred upon him by the decree of adoption under which he claimed, it was not thought necessary to consider the New Hampshire statute. It may be that the question of the effect of the New Hampshire statute was not suggested. This possibility detracts from the value of the decision as an authority. In *Estate of Sunderland*, 60 Ia. 732, the adopted child was held not to possess rights of inheritance given by the Iowa statute to children there adopted, which were excluded by the foreign statute under which the adoption was claimed. To the same effect is *Boaz* v. *Swinney*, 79 Kan. 332.

It is a curious misuse of comity to give to a foreign statute and judgment an effect never intended by the authors of the statute, and thereby to deprive of their property persons who would be confirmed in its possession in the state where the statute was passed and the judgment was rendered. It is said that the foreign adjudication establishes the *status* of an adopted child, that the right of inheritance is independent of the adoption, and that though the existence of the *status* is determined by the law of the domicile at the time of its creation, the law of distribution is the law of the domicile of the deceased. *Calhoun* v. *Bryant*, 28 S. D. 266. Assuming that there is such a *status* now known to the law as that of adopted child, the discussion returns to the question: Does the statute of New Hampshire ( P. S., *c.* 181, *s.* 5) make the appellant by force of the Massachusetts decree next of kin to the deceased? If there were no New Hampshire statute upon the subject, the appellant, not being made next of kin by the Massachusetts decree, could have no possible ground upon which to make such claim. The section of the adoption statute is the only one relating to the subject and was not passed to effect such a purpose. I think the probate court was right and that the appeal should be dismissed.