8 N.J. Super. 533 (1950)
73 A.2d 625
FIDELITY UNION TRUST COMPANY, AS TRUSTEE OF THE TRUST CREATED BY AGREEMENT DATED APRIL 23, 1926, ETC., PLAINTIFF,
v.
MINNIE GILL POTTER, AS EXECUTRIX OF THE ESTATE OF WILFRID C. POTTER, DECEASED, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided May 19, 1950.
*534 Messrs. Riker, Emery & Danzig (Mr. Clark Crane Vogel) for the plaintiff.
Mr. Harry J. Stevens, Jr., for the defendant, Edward Staley, guardian ad litem for Marilyn Potter Staley.
Mr. Harry Schaffer for the defendant, Edward Staley, guardian ad litem for Alan Andrews Staley and Paul Robert Staley.
*535 FREUND, J.S.C.
The plaintiff, trustee under a trust agreement, filed the complaint herein for construction of certain provisions of the agreement and for instructions regarding the disposition of the trust property. The facts are these:
On April 23, 1926, Wilfrid C. Potter executed the trust agreement under which he allocated certain securities for the benefit of his two daughters, Doreen and Dorothy, who were then respectively fifteen and eleven years of age. The agreement was made irrevocable on November 20, 1931. The pertinent provisions of the agreement are as follows:
"1. To collect the dividends, interest, issue and profits therefrom and to invest and reinvest the same and to add such investments to the principal of the trust during the life of the Donor.
"2. After the death of the Donor to pay the net income from said trust in equal shares to Doreen Annette Potter and Dorothy Eleanor Potter, daughters of the Donor until they respectively attain the age of thirty years. If either or both of the daughters of the Donor shall be minors at the time of his death, the income of such minor or minors shall be expended by the Trustee for her or their education, maintenance and support during her or their minority.
"3. When the said Doreen Annette Potter reaches the age of thirty years to divide the principal of the trust into two equal parts and to pay to the said Doreen Annette Potter one-half of one of said parts for her own use and benefit and to pay the income from the remaining one-half of one of said parts to her until she reaches the age of thirty-five years, at which time the remaining one-half of one part shall be paid to her for her own use and benefit.
"When the said Dorothy Eleanor Potter reaches the age of thirty years to pay to her one-half of the other of said parts for her own use and benefit and to pay the income from the remaining one-half of one of said parts to her until she reaches the age of thirty-five years, at which time the remaining one-half of one part shall be paid to her for her own use and benefit.
"4. After the death of the Donor, if either of the said daughters shall die before receiving all of the principal of the trust to which such daughter is entitled, the principal still remaining in said trust shall be paid over to and distributed among her issue, per stirpes; and if there shall be no issue, the entire principal of the then remaining trust shall be held for the surviving daughter on the same terms and conditions herein set forth.
"5. After the death of the Donor and after both of his said daughters shall have died and there shall be no issue of either of them, the entire principal of the trust then remaining shall then be paid over to and distributed among the other children of the Donor. The issue of any deceased child to take the share the parent would have taken if living."
*536 Mr. Potter died on June 12, 1947, leaving a will under which his widow, Minnie Gill Potter, a defendant in this action, is the sole beneficiary and executrix. His elder daughter, Doreen, had married Edward Staley in 1940. Shortly thereafter she formally adopted her husband's two sons, Alan Andrews Staley and Paul Robert Staley, and he formally adopted her daughter by a prior marriage, Marilyn Potter Cross Staley. Mrs. Staley died on May 13, 1943, at the age of thirty-one, predeceasing her father. She was survived by her natural daughter, Marilyn, and her adopted sons, Alan and Paul.
Two questions arise: first, the right or interest of Doreen in the one-quarter share of the corpus of the trust which became payable upon her attaining the age of thirty years and the death of the donor, and, second, whether the adopted children have any interest in the fund.
In construing the trust agreement, of paramount importance is the ascertainment of the intention of the donor. It is clear from the agreement that the donor's object was to provide financial security for his daughters after his death and that it was his intention that no payments either of income or principal be made until after his death. The income earned from the investment of principal was, during his lifetime, to be invested and reinvested and added to the principal of the trust.
The trust property constituted a gift. The attorneys for the plaintiff trustee argue that the gift was vested, subject to divestment and gift over, while the attorney for the natural child contends that it was a gift on condition which failed. Here, the result would be the same under either contention. The attorney for the adopted children contends that the fund under consideration vested unconditionally in the donee, Doreen, when she attained the age of thirty years and that the sum is, therefore, payable to her estate. The donor thrice expressed his intention that only after his death was payment of interest or distribution of principal to be made, Paragraphs 2, 4 and 5 of the trust instrument. Income was to be paid *537 to each daughter on the whole of her share until the attainment of age thirty, when one-half of her share was to be paid to her and the trustee was to retain the remaining one-half, paying the income therefrom to her until she attained the age of thirty-five, when the remaining principal was to be paid. The trust agreement provided for gift over in the event of the death of the donee prior to the receipt of her share, which feature will be hereinafter referred to.
Obviously, the intention of the donor was to make a gift to each daughter of an equal portion of the trust corpus with the time of payment postponed until after his death and the attainment of the specified ages. The time of payment of principal and interest in each case depended upon two events: the death of the donor and the attainment of stipulated ages. Such a gift is vested, subject, however, to divestment and gift over in the event of failure to reach the designated ages, whereupon the fund is payable to those named in the trust instrument. In the early case of Gifford, Administrator, v. Thorn et al., 9 N.J. Eq. 702 (Ch. 1855); affirmed, Id. 725 (E. & A. 1855), Chief Justice Green declared "The general rule applicable to this question, adopted both in the ecclesiastical courts and courts of equity, is well settled. Where the time specified in the bequest is annexed to the payment only, as where the legacy is given, payable or to be paid when the legatee attains the age of twenty-one years, the legacy vests immediately upon the death of the testator. It is a present gift. The time of payment only is postponed. But where the time is annexed not to the payment only, but to the gift itself, as when the legacy is given to the legatee at twenty-one, or `if' or `when' he attains the age of twenty-one, the legacy does not vest until the legatee attains that age. The gift is upon the condition that the legatee shall attain the age specified. His attaining that age is a condition precedent; and if the condition be not fulfilled, the legacy never vests." See too Schmieder v. Meyer, 97 N.J. Eq. 335 (E. & A. 1924); Fidelity Union Trust Co. v. Rowland, 99 N.J. Eq. 72 (Ch. 1926); Girard Trust Co. v. Schmitz, 129 N.J. Eq. 444 (Ch. *538 1941); Clapp, Wills and Administration, § 184; 3 Page on Wills, Lifetime Ed., § 1266. In the instant case, the gift is not to the donees "if" or "when" they attain the appointed ages; it is only the enjoyment of the fund which is postponed until the death of the donor and the attainment of the specified ages by the donees.
Doreen having attained age thirty and having predeceased her father, the share which she would have acquired had she survived becomes payable in accordance with the pertinent provisions of the trust agreement. Paragraph 4 of the trust instrument expressly provides for the contingency which has arisen. It states "After the death of the Donor, if either of my said daughters shall die before receiving all of the principal of the trust to which such daughter is entitled, the principal still remaining in said trust shall be paid over and distributed among her issue, per stirpes * * *." Doreen's attainment of age thirty did not alone entitle her to her share. The added contingency was the death of the donor. But since she predeceased the donor, the express direction of Paragraph 4 of the instrument became operative, namely, "the principal still remaining in the said trust shall be paid over to and distributed among her issue, per stirpes." Accordingly, the fund involved is not part of the estate of the donee and distributable as such; it is to be "paid over to and distributed among her issue."
As already stated, the donee was survived by one natural child and two adopted children. At the time of the adoption, the parties were residents of the State of New York and the adoption was by order of the Surrogate's Court of Westchester County, New York. Vice-Chancellor Backes in Dulfon v. Keasbey, 111 N.J. Eq. 223 (Ch. 1932), said "The status is entitled to full recognition in our courts. In re Finkenzeller, 105 N.J. Eq. 44; affirmed, 107 N.J. Eq. 180. The legal incidents of the status, with respect to local property, are determined by the laws of this State. Anderson v. French, 77 N.H. 509, 93 Atl. Rep. 1042. * * * Whart. Confl. L. (3d Ed.) 568, says: `There is * * * no doubt as to the *539 general principle that the status acquired by adoption in a state or country having jurisdiction will be recognized both for the purpose of the descent of real, and the distribution of personal, property in other states or countries, at least in those whose laws provide for adoption.'"
The donor limited the distribution of the trust fund among his daughters' "issue." Generally, the word "issue" does not include an adopted child. The question, however, is essentially one of intention, which may be gathered from a construction of the entire instrument and an examination of the surrounding circumstances. Dulfon v. Keasbey, supra; In re Fisler, 133 N.J. Eq. 421 (E. & A. 1942); Fidelity Union Trust Co. v. Graves, 139 N.J. Eq. 571 (Ch. 1947); Lawrence v. Westfield Trust Co., 1 N.J. Super. 423 (Ch. 1948). To aid in ascertaining the intention of the donor, the testimony of some surviving members of the family was taken before me and that of others, by out-of-state depositions. It established undisputedly that the donor intended that only his natural grandchild should take. He knew of the adoption by his daughter of her husband's children and conferred with the trustee regarding the effect of the adoption upon his trust agreement. Upon being advised that in the opinion of counsel for the trustee the adopted children would not share in the trust fund, he made no change in the trust instrument. The father of the adopted children conceded in his testimony that it was not the intention of the donor to include the adopted children, nor was it his own intention as guardian of the children to claim any interest in the fund. The claim was advanced by the attorney for the guardian ad litem on behalf of the adopted children, who are minors.
In view of the evidence, therefore, it must be concluded that the adopted children do not have any interest in the trust fund, but that Marilyn Potter Staley, the natural child of Doreen, is entitled to the share which her mother, Doreen Potter Staley, would have been entitled to had she survived.
Judgment accordingly.