**PRALL et al. v. IMLAY et al.**

(Court of Appeals of District of Columbia. Submitted January 5, 1921. Decided February 7, 1921.)

No. 3420.

1. **Infants ☞88—Cannot, after majority, complain that amended bill, under which no action was taken, was not served.**

One who had during minority been made a party to partition proceedings by service of the original bill on herself and her guardian ad litem cannot, after her majority, complain that the amended bill was not served on her, where no relief had been granted under it.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Infants ☞88—After day in court, since majority, cannot complain of order entered during minority.**

In partition proceedings, where one who had been made a party defendant during her minority was given her day in court after her majority on petition to vacate previous proceedings, she cannot complain of an order directing the sale of the property for partition and confirming the previous determination of the interests of the parties, on the ground that she was not heard before the previous determination.

Appeal from the Supreme Court of the District of Columbia.

Suit for partition by Elizabeth C. Prall against Jennie M. Prall and others, in which Charles V. Imlay, as committee of Elizabeth C. Prall, and Robert H. McNeill and others, as substituted trustees, were substituted as complainants. From a decree dismissing the petition of Gladys E. Lavagnino to establish an interest and to vacate prior proceedings, and directing a sale of the property for partition, the petitioner and defendants appeal. Affirmed.

Henry E. Davis and Alvin L. Newmeyer, both of Washington, D. C., for appellants.

Charles V. Imlay, George W. Offutt, Jr., and J. W. McNeill, all of Washington, D. C., for appellees.

VAN ORSDEL, Associate Justice. A bill in equity was filed March 31, 1904, in the Supreme Court of the District of Columbia by Elizabeth C. Prall, as complainant, against Jennie M. Prall, Annie M. Prall, Emma C. Knorr, Augustus Ernest Knorr, Gladys Ernestine Knorr, William E. Prall, Sr., Julia L. Prall, and Adolph A. Hoehling, Jr., to procure partition by sale of certain real estate described therein. It is averred in the bill, among other things, that William E. Prall, Sr.. on May 17, 1872, conveyed the premises in question to his children, Jennie M., Annie M., Emma C., and William E. Prall, Jr., "for and during their natural life as tenants in common, with remainders to the children of said parties of the second part, their heirs and assigns as tenants in common in fee simple."

It appears that service of process was had upon the infant defendant. Gladys E. Knorr, and another defendant, Annie M. Prall, was appointed her guardian ad litem, and, as such, formally answered the bill. Certain orders were made, which need not be considered, since no sale was made. On June 13, 1911, complainant filed an amended bill setting up additional rights claimed to have accrued to her by reason of the death of her husband, William E. Prall, Jr. She prayed that a decree entered under the original bill on January 9, 1906, "be set aside and a new substitute and proper judicial partition decree by sale be passed declaring and fixing the rights, titles and interests, present and future, of your petitioner and the defendants herein according to the provisions by the fixed terms of the aforesaid deed herein"; that new trustees be appointed, the property sold, and the proceeds divided, and that a rule issue upon the several defendants and the then existing trustees to show cause why the prayers of the petition should not be granted.

On November 13, 1911, a decree was entered setting aside the decree of January 9, 1906, determining the interests of the respective parties in the property, ordering a sale thereof and appointing the National Savings & Trust Company trustee. From this decree an appeal was taken to this court (Prall v. Prall, 39 App. D. C. 100), wherein the decree of the court below, in respect of fixing the interests of the claimants under the deed, was modified and affirmed. Thereafter, on May 22, 1914, a decree was entered in the court below in conformity with the mandate of this court directing a sale of the property.

No sale was made, and, on November 25, 1919, Gladys E. Lavagnino, the former infant Gladys E. Knorr, filed a petition "to establish interest and vacate order of sale," in which she reviewed the proceedings had since the filing of the original bill in 1904. She avers that neither she nor her guardian ad litem were served with process or notice under the amended bill of 1911, or with notice of the various proceedings thereunder; that she became of age January 15, 1916; that Elizabeth C. Prall, the original complainant, has been adjudged insane, and appellee Imlay appointed a committee of her estate, and that no sale of the property can be made at this time for its fair and reasonable value. She prays, in effect, that all proceedings heretofore had be vacated and for nothing held, and for general relief.

The defendants Jennie M. Prall, Annie M. Fahnestock, and Emma Prall Knorr answered, admitting the allegations of the petition and joining in the request to have the former proceedings set aside and held for naught. The court entered a decree ordering that the decrees of January 9, 1906, Novmber 13, 1911, and May 22, 1914, and every order or proceeding depending thereon, be vacated in so far only as they decree the sale of the property, but that in all other respects they be affirmed, that the cause be referred to an examiner to take testimony upon the advisability of making sale of the property, and that the cause be retained for further action.

On April 12, 1920, the court entered a decree again affirming the earlier decrees and orders depending thereon, except as to the sale of the property, dismissing the petition of Gladys E. Lavagnino and directing the trustees to sell the property in compliance with the decree of May 22, 1914.

The defendants Jennie M. Prall, Annie Prall Fahnestock, Emma Prall Knorr, and the petitioner, Gladys E. Lavagnino, appealed from this decree.

[1] The case can be disposed of in much less space than it has taken to state the facts. Appellant Lavagnino was properly brought into court by the appointment of a guardian ad litem and service of process upon both the infant and the guardian. Section 102, D. C. Code. It is unnecessary to consider the effect of the filing of the amended bill, since no sale or disposition of the property was made under it during the minority of the appellant Lavagnino. All that occurred affecting her rights was the final determination by this court of the rights of the respective claimants in the property under the deed of William E. Prall, Sr. Of this we do not understand that she complains. If so, however, she is now properly before us, and we will reaffirm our former judgment.

[2] The case was instituted by a proper party under the provisions of section 100 of the District Code, proof has been adduced as to the advisability of a sale of the property, the court has found that it is to the interests of the respective parties that it be sold, and no error in respect of these proceedings has been assigned. As to the propriety of a sale and partition of the property, appellant Lavagnino has had her day in court in the present action. The orders made and proceedings had during her minority resulted in nothing, and therefore cannot prejudice her rights, since she has been accorded a full hearing in the proceedings culminating in the order under which the court now proposes to sell and partition the property.

As to the other appellants, defendants below, they were parties to the proceedings under the original bill, participated in the proceedings under the amended bill of 1911, and they here rest their appeal upon the assignments of error of appellant Gladys E. Lavagnino. The determination of the appeal as to her disposes of the case as to all.

The decree is affirmed, with costs.

Affirmed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.