## BROSNAN et al. v. BROSNAN.

(Court of Appeals of District of Columbia. Submitted March 6, 1922. Decided January 7, 1924.)

No. 3755.

1. **Wills ⬉396—Beneficiary under will not in position to avail himself of objection to testimony made by executor.**

   Where executor did not appeal from a judgment setting aside a purported will, a beneficiary, who appealed, is not in a position to avail himself of an objection to the competency of witness' testimony made by executor.

2. **Evidence ⬉546—Whether sufficient foundation for physician's testimony existed held for court.**

   Where there was some foundation for physician's testimony concerning testator's mental condition it was for the court to decide whether it was sufficient.

3. **Wills ⬉396—Exception to request held sufficient to save question, though substance repeated in charge without objection.**

   Where the court denied caveatees' request to charge that the burden of proof touching testator's mental condition was on caveator, and granted caveator's request to charge that it was on caveatees, and an exception was saved to the action of the court in each instance, and in the general charge the substance of the granted request was repeated, and no exception was taken, *held*, that the exceptions taken are sufficient to save the question.

4. **Wills ⬉52(1)—Burden of establishing mental capacity on caveator.**

   Under a caveat to a will challenging testator's mental capacity the burden of establishing mental capacity is on caveator.

Appeal from the Supreme Court of the District of Columbia.

Proceeding to probate will of Timothy Brosnan, deceased, caveated by Margaret E. Brosnan, widow. From a judgment setting aside the

purported will, John Brosnan, Jr., appeals. Reversed, and new trial ordered.

Wilton J. Lambert and Charles S. Baker, both of Washington, D. C., for appellant.

W. Gwynn Gardiner and Abner H. Ferguson, both of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

SMYTH, Chief Justice. Timothy Brosman died, leaving a paper writing purporting to be his last will and testament. His widow, seven nieces, and one nephew were named therein as beneficiaries. The widow caveated the will on four grounds, viz. defective execution, mental incapacity, fraud, and undue influence. Issues were duly framed for trial by a jury. The court directed that a negative answer be returned to the issues of fraud and undue influence, and submitted the other issues for the jury's determination. A verdict for the caveator was returned, and from a judgment setting aside the purported will on the ground of mental incapacity the nephew, John Brosnan, Jr., alone appeals. There are seven assignments of error, but only two are argued.

[1, 2] Objection was made by the executor to the competency of a physician to testify touching the mental condition of the testator. The executor has not appealed, and the appellant is not in a position to avail himself of an objection made by him. However, we may say that, while the foundation laid for the physician's testimony was extremely weak, there was some foundation for it, and, this being so, it was for the court to decide whether or not it was sufficient. Turner v. American Security & Trust Co., 213 U. S. 257, 29 Sup. Ct. 420, 53 L. Ed. 788.

[3, 4] The next error assigned relates to the question as to whether the burden of proof touching the testator's mental condition was on the caveator or the caveatees. The court, following our decision in Rich v. Lemmon, 15 App. D. C. 507, denied a request of the latter to charge that it was on the former, and granted a request of the caveator to charge that it was on the caveatees. An exception was saved to the action of the court in each instance. In the general charge of the court the substance of the granted request was repeated. To this no exception was taken. It is now argued that because of the failure to except to it, the appellant should not be heard to question the correctness of the request given at the instance of the caveator. This does not impress us. We think the exceptions taken are sufficient to save the question for our consideration. The court was clearly and distinctly informed as to the point of law upon which the caveatees relied, and that they objected and excepted to the rulings made with respect thereto. To except again, when the court in effect reiterated the granted request, was unnecessary.

During the argument at the bar it appeared that the Supreme Court of the District sitting en banc had ruled that the burden of establishing mental incapacity of a testator was on the caveator. Dunlop v. Peter, 1 Cranch, C. C. 403, Fed. Cas. No. 4,168. Later this court held that

the burden was on the caveatees. Rich v. Lemmon, supra. It does not appear that the prior decision was brought to the attention of the court, and, so far as the record discloses, the court acted without any knowledge of it. A little more than three years afterwards the Supreme Court of the United States, without mentioning the Lemmon Case, but following the decision in the Dunlop Case, held that the burden was on the caveator. Leach v. Burr, 188 U. S. 510, 516, 23 Sup. Ct. 393, 47 L. Ed. 567. In this state of the decisions we certified the question to the Supreme Court of the United States, under section 251 of Judicial Code (Comp. St. § 1228), and asked that we be instructed as to the law. The court answered:

"That in the District of Columbia, under a caveat to a will challenging the mental capacity of the testator, whether before or after the will has been admitted to probate, the burden of proof, on the issue whether the testator at the time of executing the will was of sound and disposing mind and capable of executing a valid deed or contract is upon the caveator." Brosnan v. Brosnan, 44 Sup. Ct. 117, 68 L. Ed. ——.

This settles the question. The judgment of the court is reversed, with costs, and a new trial ordered.

Reversed.