## PRALL v. PRALL et al.

(Court of Appeals of District of Columbia.
Submitted May 14, 1926. Decided
June 1, 1926.)

No. 4423.

1. Wills ⟶230—Filing of waivers and consents to probate of will in New York held not to estop persons filing such waivers and consents from challenging validity of will as affecting title to realty in District of Columbia.

Where petition for probate of will in New York set forth that decedent's estate did not involve real estate in New York, and made no mention of real estate elsewhere, held, the filing of waivers and consents to probate did not estop persons filing such waivers and consents from thereafter contesting validity, as affecting title to realty in the District of Columbia.

2. Wills ⟶288(3)—Plaintiff, introducing will probated in New York in support of her title, held properly charged with burden of proof of its validity, when contested for want of mental capacity (Code, § 1071; Rev. St. §§ 905, 906 [Comp. St. §§ 1519, 1520]).

Where plaintiff, in action of ejectment, as evidence of her title introduced will which had been probated in New York, held, under Code, § 1071, and in view of Rev. St. §§ 905, 906 (Comp. St. §§ 1519, 1520), court properly instructed that she had burden of proof of validity of such will when contested for want of mental capacity of testator.

3. Wills ⟶2.

Devise of realty is subject to laws of jurisdiction where property is situated.

4. Wills ⟶245—Under statute, recording copy of foreign will is sufficient to pass title to real estate in the District of Columbia (Rev. St. §§ 905, 906 [Comp. St. §§ 1519, 1520]).

Under Rev. St. §§ 905, 906 (Comp. St. §§ 1519, 1520), a copy of a foreign will, properly executed and recorded in office of register of

13 F.(2d)—20

deeds, is deemed sufficient to pass title to real estate in the District of Columbia.

5. Appeal and error ⟶215(1).

Absence of any objection or exception to court's charge will warrant refusal of Court of Appeals to consider alleged error therein.

Appeal from Supreme Court of the District of Columbia.

Action of ejectment by Elizabeth C. Prall, by Charles V. Imlay, her committee, against Jennie M. Prall and others. Judgment for defendants, and plaintiff appeals. Affirmed.

C. V. Imlay and R. H. McNeill, both of Washington, D. C., for appellant.

A. L. Newmeyer, M. W. King, and R. A. Cusick, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This is an appeal from a judgment entered upon the verdict of a jury in an action of ejectment, wherein the plaintiff, Elizabeth C. Prall, by her committee, Charles V. Imlay, sought to establish her title to certain real estate, 918–920 Sixteenth Street, N. W., in the city of Washington.

It appears that William E. Prall, Sr., on May 17, 1872, conveyed the premises in question to his children, Jennie M., Annie M., Emma C., and William E. Prall, Jr., "for and during their natural life as tenants in common, with remainders to the children of the said parties of the second part, their heirs and assigns, as tenants in common in fee simple."

Plaintiff's claim is based upon the declaration that she had been lawfully married to William E. Prall, Jr. (in this proceeding referred to as William E. Prall, II); that as a result of said marriage there was born to them a son, William E. Prall, III, who was born December 8, 1889; that he died on or about February 27, 1903, leaving, as his only heir at law, his father, William E. Prall, II; that William E. Prall, II, a resident of the city, county, and state of New York, died on March 28, 1903, leaving a last will and testament, in which he devised all his property to the plaintiff, Elizabeth C. Prall.

Plaintiff filed a bill in equity in the Supreme Court of the District of Columbia in 1904 for partition of the property in question, on which a decree was entered directing partition and sale. On appeal, this court af-

firmed the decree, with modifications. Prall v. Prall, 39 App. D. C. 100, in which it was adjudged that Elizabeth C. Prall was seized of a one-fourth vested interest in the remainder of the property. In 1914, pursuant to the mandate of this court, a decree was entered in the Supreme Court of the District, directing a sale of the property and a division of the proceeds on this basis. No action was taken on this decree, and in June, 1919, plaintiff was adjudged to be of unsound mind, and Charles V. Imlay, the present committee, was substituted in her stead.

Shortly thereafter a petition was filed by Gladys E. Lavagnino, a daughter of one of the life tenants, praying that the decree of sale be set aside, on the ground that she was an infant and not properly represented when the decree was entered. A new decree directing a sale of the property was entered on May 12, 1920, which was affirmed by this court in Prall v. Imlay et al., 50 App. D. C. 252, 270 F. 688. Subsequently the property was sold by trustees; but prior to the sale there had been filed by Gladys E. Lavagnino a bill of review to set aside all the proceedings previously taken in the equity suit filed in 1904, on the ground of newly discovered evidence. On appeal from an order denying the bill of review, this court reversed the lower court (Lavagnino v. Prall, 52 App. D. C. 77, 281 F. 581), granting the bill of review, and directing the court below to "vacate all orders made under the bill of 1904 and the amended bill of 1911, permit the complainant, Elizabeth C. Prall, or her committee, to make such amendment thereof as may be deemed advisable, and that the various defendants, including the petitioner, be permitted to answer as they may be advised, in order that the issue may be tried and determined, to the end that full and complete justice may be attained."

Pursuant to the mandate of this court, an amended bill for partition was filed by plaintiff, to which the various defendants answered; and, it appearing to the equity court that a question of title was raised by the answer, an order was made suspending the equity cause, with leave to plaintiff to file an action at law to try the question of title, and for this purpose the cause was referred to the law court. An application for special appeal from the order of transfer was made by plaintiff to this court, but was denied. Accordingly plaintiff filed her action in ejectment, relying upon the facts aforesaid, setting forth her marriage to William E. Prall, II, the birth of her son, William E. Prall, III, the death of the son, the execution of the will by William E. Prall, II, and his death.

In the answer, the defendants denied the marriage, denied that William E. Prall, III, was the son of William E. Prall, II, and denied the validity of the will, on the ground of mental incompetency, and that it had been procured by fraud and undue influence. The case was tried to a jury, and a general verdict returned in favor of the defendants. From the judgment thereon the present appeal is prosecuted.

The order granting the bill of review was sweeping in its terms. It vacated all proceedings had under the original bill for partition filed in 1904 and granted permission to amend the original bill or to plead, as the plaintiff might otherwise be advised, with full right to all the defendants to answer, independently of any proceedings theretofore had in the case. In other words, it opened the case anew for any proper defense which might be interposed to the original bill as amended. Neither the plaintiff nor the defendants were to be estopped or prejudiced by any pleading, failure to plead, or admission contained in or growing out of the proceedings had in the original case, or under an amended bill filed in 1911.

The errors relied upon relate to the admission of certain testimony in the trial of the case below. Plaintiff, in support of her affirmative case, introduced evidence of her marriage to William E. Prall, II, and the birth of their child, William E. Prall, III. An exemplified copy of the will of William E. Prall, II, of March 3, 1903, and the proceedings taken in connection with its admission to probate in the Surrogate's Court of the County of New York, was introduced and admitted in evidence.

[1] It is contended that defendants, Jennie M. Prall, Annie M. Prall, and Elizabeth C. Knorr, having been cited to appear and show cause, if any they had, why the will should not be admitted to probate in New York, and having filed waivers and consents to its probate, are now estopped to challenge its validity. This contention is wholly without merit. The petition for probate set forth that the estate consisted of personal property of the value of about $100 and that there was no real estate in New York, nor was mention made of any real estate elsewhere. But, had the petition for probate set out the claim to real estate in the District of Columbia, the mere waiver of citation would not be conclusive upon the defendants here. A waiver of citation amounts to nothing more than an ac-

ceptance of service to bring the parties within the jurisdiction of the court, and does not operate as a bar to the party adversely interested in an estate from filing a caveat and contesting the validity of the will. All that is intended by waivers of notice is to relieve the proponents of a will from complying with the more cumbersome statutory provisions essential to bring the interested parties into court. Bowen v. Howenstein, 39 App. D. C. 585, Ann. Cas. 1913E, 1179.

[2] The will was introduced in evidence by the plaintiff in support of her affirmative case. Section 1071 of the District Code defines the evidential effect to be given a will thus admitted in evidence. It provides as follows: "The copy of the record of any deed or other instrument of writing, not of a testamentary character, where the laws of the state, territory, or country where the same may be recorded require such record, and which has been recorded agreeably to such laws, and the copy of any will which such laws require to be admitted to probate and record, by judicial decree, and of the decree of the court admitting the same to probate and record, under the hand of the clerk or other keeper of such record and the seal of the court or office in which such record has been made, shall be good and sufficient prima facie evidence to prove the existence and contents of such deed, or will, or other instrument of writing, and that it was executed as it purports to have been."

[3] A copy of a foreign will devising real estate, thus introduced in evidence, has no greater sanctity than would a copy of a deed. It amounts to a mere documental piece of evidence, the validity of which may be rebutted, the same as any other evidence in support of an affirmative fact. When the court, therefore, in its charge, cast the burden of proof upon the plaintiff, it committed no error. The rule in this jurisdiction, that where the validity of a probated will is contested the burden of proof is upon the caveator (Brosnan v. Brosnan, 54 App. D. C. 73, 294 F. 1004), has no application to the present case, since the present will was not even offered for probate in this District, the situs of the real estate involved in the present controversy. It is elemental that a devise of real estate is subject to the laws of the jurisdiction where the property is situated; hence the question of the validity or invalidity of the present will in New York, or its effect as against the present defendants in relation to property situated in New York, or even personal property, if there were any in

this District, are not questions to be considered here.

[4] There is no provision in the Code of Laws of the District for admitting a copy of a foreign will to probate and record; but in accordance with sections 905, 906, R. S. U. S. (Comp. St. §§ 1519, 1520), a copy of a foreign will, properly executed in accordance with the statute and recorded in the office of the register of wills, is deemed sufficient to pass the title to real estate located in the District of Columbia. The court, in its charge to the jury, properly submitted the evidential effect of the will in the following language:

"The will in question was duly admitted to probate in the city of New York, and we have a record of it here before you. The statute provides that that shall be prima facie evidence of the will, which means that, if there was nothing shown on the other hand, it would be enough; but it is subject to attack in this jurisdiction, because it has never been admitted to probate here, and it is relied upon here just as a deed might be relied upon. So far as the formal execution of the will is concerned, I do not recollect any evidence in the case tending to contradict the record, which shows that the will was duly executed so far as the formalities are concerned. But, so far as mental capacity is concerned, there is a conflict in the testimony, and in order to find that the plaintiff did succeed to the rights of William E. Prall, II, by virtue of this will, you must find it to be a valid will so far as concerns mental capacity of William E. Prall, II, at the time he made it; * * * and keeping in mind what I have stated to you as being matters necessary for the plaintiff to prove, you are instructed as a matter of law that the burden of proof is upon the plaintiff to establish every material allegation of her claim by a fair preponderance of the testimony, and if the evidence on any material matter has not preponderated in favor of the plaintiff, or is equally balanced, or preponderates in favor of the defendants, it is the duty of the jury to return a verdict in this case in favor of the defendants. That is true with respect to all matters which I have told you she must establish. It does not apply to the issue of undue influence, because there the preponderance or burden is upon the defendants."

[5] We will not stop to consider the distinction made by the court between the burden of proof as to mental capacity and undue influence, since in no respect has the plaintiff been prejudiced by the charge. This issue could properly be dismissed from considera-

tion for the failure of counsel for plaintiff to interpose any objection or exception to the charge of the court. We have deemed the question raised, however, of sufficient importance to call for an expression of opinion, regardless of the fact that it is not before us by a proper exception.

It is unnecessary to review the issues of fact upon which the case turned. The general verdict of the jury is sustained by the overwhelming weight of the evidence in support of all of the material issues of fact involved, and as this is the first time, in the course of this long litigation, that the fundamental facts underlying plaintiff's claim have been fully disclosed, the equitable justification for the granting of the bill of review, "to the end that full and complete justice may be attained," has been amply sustained. Inasmuch as this concludes plaintiff's right to assert any interest whatever in the property in question, further proceedings in the court of equity will be purely formal.

The judgment is affirmed, without costs.