## PRALL v. PRALL et al.

(Court of Appeals of District of Columbia. December 3, 1926.)

No. 4423.

1. **Appeal and error ⊙⇒1222—Mandate affirming judgment in ejectment may be recalled and amended, to direct entry of proper decree below.**

Mandate affirming judgment for defendants in ejectment may on motion be recalled, and amended to direct entry of decree below determining that plaintiff has no interest in property involved, where original decision warrants such relief.

2. **Courts ⊙⇒100(1)—Former decision of Court of Appeals in ejectment case held overruled by subsequent order of trial court, granting bill of review pursuant to mandate of Court of Appeals, and subsequent determination on retrial of issues.**

So much of holding of Court of Appeals that plaintiff in ejectment was entitled to certain interest in property involved *held* overruled by subsequent order of trial court granting bill of review pursuant to mandate of Court of Appeals, retrial, and judgment for defendants.

3. **Appeal and error ⊙⇒1222—Amendment of mandate to determine title of defendants in ejectment held unwarranted, as not within issues.**

Amendment of mandate, after affirmance of judgment for defendants in ejectment, to determine the nature of defendants' title, *held* unwarranted, as not within issues.

Appeal from the Supreme Court of the District of Columbia.

On motion to recall and amend mandate to Supreme Court heretofore issued. Motion granted in part.

For former opinion, see 56 App. D. C. ——, 13 F.(2d) 305.

C. V. Imlay and R. H. McNeill, both of Washington, D. C., for appellant.

A. L. Newmeyer, M. W. King, and R. A. Cusick, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

PER CURIAM. [1] This case is here on the motion of appellees, seeking the recall and amendment of the mandate of this court, heretofore issued in the above-entitled case, in which a judgment in ejectment growing out of equity cause No. 24,579, between the same parties, in the Supreme Court of the District of Columbia, was entered, adjudging that appellant, Elizabeth C. Prall, plaintiff herein, "take nothing by this action, that defendants go hence without day, be for nothing held, and recover of plaintiff their costs," etc.

It is unnecessary in this memorandum to restate the facts or questions of law involved, since they are fully set out and discussed in our opinion rendered herein on June 1, 1926. Prall v. Prall et al., 56 App. D. C. ——, 13 F.(2d) 305. Appellees moved the court to recall the mandate and direct "the court below to decree that the appellant herein, Elizabeth C. Prall, has no right, title, or interest in the real estate involved in this proceeding; and to decree further the nature of the title held by the appellees to said real estate."

It is insisted by appellees that such a decree must logically follow the judgment in this case. Indeed, the following words of the opinion of this court in part support this contention: "Inasmuch as this concludes plaintiff's right to assert any interest whatever in the property in question, further proceedings in the court of equity will be purely formal." The motion, therefore, will be granted, and the mandate is hereby amended, to the extent only of directing the court below to enter a decree in the equity proceeding dismissing plaintiff's bill, and further decreeing that plaintiff, Elizabeth C. Prall, has no right, title, or interest in the real estate involved in that proceeding.

In the case of Prall v. Prall, 39 App. D. C. 100, involving the property here in question, this court held that the plaintiff, Elizabeth C. Prall, was entitled to a one-fourth interest in the real estate here in question. The order from which the appeal was prosecuted in that case was afterwards vacated in an order granting a bill of review, in response to the mandate of this court directing the court below to "vacate all orders made under the bill of 1904 and the amended bill of 1911, permit the complainant, Elizabeth C. Prall, or her committee, to make such amendment thereof as may be deemed advisable, and that the various defendants, including the petitioner, be permitted to answer as they may be advised, in order that the issue may be tried and determined, to the end that full and complete justice may be attained."

[2] The present case is a retrial of the original equity suit, resulting in a judgment that plaintiff, Elizabeth C. Prall, has no interest whatever in the property of the estate in question. These proceedings, of course, overrule so much of the opinion in Prall v. Prall, 39 App. D. C. 100, as held that plaintiff had a one-fourth interest in the real estate therein involved.

[3] The motion, however, in so far as it requests us to determine "the nature of the title held by the appellees in said real estate," must be denied, since this question is not involved in the present suit. It may be suggested, however, that in the former case (39 App. D. C.) the original deed was construed, and, in so far as that opinion dealt with that matter, it may be regarded as still being in full force and effect.