**HALL et al. v. SCARLETT et al.**

No. 10229.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 12, 1950.

Decided Feb. 13, 1950.

Mr. Camden R. McAtee, Washington, D. C., for appellants.

Mr. Roger M. Stuart, Jr., Washington, D. C., with whom Mr. Frederick M. Bradley, Washington, D. C., was on the brief, for appellees.

Before EDGERTON, CLARK and PRETTYMAN, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellee Scarlett filed in the District Court of the United States for the District of Columbia a petition for letters of administration of the estate of Blanche M. Penfield, who died May 2, 1947. She alleged that she was the niece and sole heir at law and next of kin of the decedent and that the decedent died intestate. Thereafter, appellants Hall and others filed a petition as claimant distributees of the estate, being cousins in the first degree of the decedent. Appellees and claimants filed motions for summary judgment. The District Court granted the motion of Mrs. Scarlett.

Mrs. Scarlett was the daughter of a deceased brother of the decedent here. In 1922 she was adopted by her maternal grandmother by a decree of a Nevada court. Prior to 1937, her adoption had no effect upon her right to inherit, under the laws of the District of Columbia, from or through her natural parents. But on August 25, 1937, an act of Congress, which constituted a comprehensive adoption statute for the District of Columbia, became effective.[1] Two provisions of that act give rise to the present controversy.

The question is whether Mrs. Scarlett's right to inherit from her natural aunt, through her relationship to her natural father, was cut off by the 1937 act. The pertinent provisions of that statute are now Sections 16—205 and 16—207 of the Code of the District of Columbia, reading as follows:

"Entry of a final decree of adoption shall establish the relation of natural parent and natural child between adoptor and adoptee for all purposes including mutual rights

1. 50 Stat. 806, D.C.Code §§ 16—201 to 16—207(1940).

of inheritance and succession the same as if adoptee was born of adoptor, except that adoptee shall not inherit from collateral relatives of or the parents of adoptor although such collateral relatives and parents of adoptor shall have the right of inheritance from adoptee. All rights and duties including those of inheritance and succession between adoptee, his or her natural parents, their issue, collateral relatives, and so forth, shall be cut off. In the event one of the natural parents shall be the spouse of petitioner, then the rights and relations as between adoptee, such natural parent, and his or her parents and collateral relatives, including mutual rights of inheritance and succession, shall in nowise be altered." [2]

"The provisions of sections 16—201 to 16—207 shall have no retroactive effect and shall not be construed as affecting in any way the rights and relations obtained by any decree of adoption entered prior to August 25, 1937, and all proceedings instituted and pending on August 25, 1937, shall be carried to their final determination in accordance with the provisions of section 395 of the Act of March 3, 1901, 31 Stat. 1252, ch. 854, as if sections 16—201 to 16—207 had not been enacted, and all orders and decrees entered therein shall remain valid and binding on all parties thereby affected." [3]

 Much of the argument here relates to the meaning of Section 16—207 of the Code (the latter of the above two sections), which contains the provisions saving the new act from retroactive effect. But we do not reach that section, being of opinion that we need go no further than Section 16—205. The cut-off there provided is clearly a consequence of a decree to be entered under the new act. The section begins, "Entry of a final decree of adoption shall establish the relation of natural parent and natural child * * *." Then, in the next sentence, it provides, "All rights * * * between adoptee, his or her natural parents, * * * and so forth, shall be cut off." This means cut off by the entry of a final decree, described in the first sentence. And this provision is by its very terms prospective. The whole concept of adoption was altered by the new act, and its provisions relate to the effects of decrees entered under it. It is our view, therefore, that the Adoption Act of 1937 did not affect the status or rights of appellee Scarlett. This was the conclusion of the District Court, and its judgment is, therefore,

Affirmed.

---

7. D.C.Code § 16—205 (1940).

3. D.C.Code § 16—207 (1940).