[Civ. No. 22627. Second Dist., Div. One. Apr. 8, 1958.]

Estate of MERRILL COBURN CLANCY, Deceased. FRANK CLANCY et al., Appellants, v. ESTELLE W. CLANCY et al., Respondents.

Colvin & Schnider, Andrew E. Colvin, Jack Schnider and F. Walter French for Appellants.

Fogel, McInerny & Taft, Moe M. Fogel, Cornelius W. McInerny, Jr., and William J. Taft for Respondents.

FOURT, J.—This is an appeal from an order instructing the testamentary trustees to distribute the corpus of a trust to appellants Frank Clancy, Louise Clancy and Marion Atherton (hereinafter referred to as appellants), who are the surviving children of the trustor, Merrill Coburn Clancy, and to Donald Clancy, as the "lawful issue" of Leslie M. Clancy, a child of Merrill Coburn Clancy, who survived him but died prior to distribution of the trust.

The decedent Merrill Coburn Clancy died in 1949, and his holographic will dated January 9, 1947, contained the following provisions:

"Third: I give and bequeath to *my grand children* Mar-

jorie, Sister, Bob, *Don* and my wife's grandchildren Jean and Peggy, each the sum of One Thousand ($1,000.00) in cash or securities to be selected by my Executors.'' (Emphasis added.)

"Eighth : . . . *C* Upon the death of my said wife, said Trustees shall pay deliver and convey all of the remainder of said trust estate in equal parts to my children Leslie, Marion, Frank and Louise.

"*D* In case of the death of any of my said children before the time of final distribution of my said trust estate leaving lawful issue surviving, such issue shall take the share of my said trust estate, which the parent would have taken, if the parent had survived.

"*E* In case of the death of any of my said children before the time of final distribution of my said trust estate leaving no lawful issue surviving, the share which one of my children so dying would have received, if he or she had survived shall go to enhance and increase the shares of the survivors of my said children and the lawful issue if any of my said children who may have died leaving lawful issue surviving, in equal shares per stirpes and not per capita.''

This will was admitted to probate and the decree of distribution establishing the trust which was to continue for the period of the natural life of Estelle W. Clancy, decedent's widow, was signed by Judge Stanley Mosk on April 22, 1952. The decree of distribution contained the following provisions :

"*D*. Upon the death of the said Estelle W. Clancy, the entire remainder of said trust estate shall be divided in four equal shares, one share each for Leslie M. Clancy, Marion C. Atherton, Frank Clancy and Louise Clancy, and said shares are to be conveyed and distributed to said persons.

"*E*. In the event that any of said persons shall be deceased at the time of said final distribution of said trust estate, leaving lawful issue surviving them, such issue shall take the share of said trust estate which the parent would have taken had the said parent survived.

"*F*. In the event of the death of any of the four named persons : Leslie M. Clancy, Marion C. Atherton, Frank Clancy and Louise Clancy, before the time of final distribution of said estate, and their leaving no lawful issue surviving them, then the share which said deceased person would have received if he or she had survived, shall go to enhance and increase the shares of the survivors of said persons, and the lawful issue

of any of said persons, who may have died leaving lawful issue surviving, in equal shares per stirpes and not per capita.''

Leslie M. Clancy died June 29, 1954, and Estelle W. Clancy died August 25, 1955.

The ''Third and Final Account . . . Petition for Distribution of Trust Estate . . .,'' signed by Frank B. Clancy and The Security-First National Bank of Los Angeles, as Trustees, was filed January 20, 1956, and contained the following provisions:

''That Leslie M. Clancy predeceased the life tenant, Estelle W. Clancy, and that in accordance with the last Will and Testament of the decedent and the decree establishing the trust therein the share which he would have taken shall go to his lawful issue surviving him and otherwise it shall go to increase proportionately the shares of the said Frank B. Clancy, Louise Clancy and Marian C. Atherton; that petitioners are informed and believe and therefore allege that Leslie M. Clancy left no blood issue surviving him but that one Donald Clancy represents and claims to be the adopted son of the said Leslie M. Clancy and entitled to take and receive the distributive share of the said Leslie M. Clancy.

''That by reason of the claim of the said Donald Clancy to the share of the said Leslie M. Clancy a controversy has arisen between him and the other remaindermen and that petitioners are unable to determine to whom distribution of the share of Leslie M. Clancy should be made.''

Donald Clancy, (hereinafter called respondent) filed an answer thereto, and also filed a petition on February 15, 1956, alleging as follows:

''VI

''Your petitioner, Donald Clancy is the person designated by the said Will, Exhibit 'A' hereof, and the Decree of Distribution, Exhibit 'B' hereof, to receive the share of the trust estate which would have gone to Leslie M. Clancy, son of said decedent, had he survived Estelle W. Clancy.''

Respondent prayed for distribution to him of one-fourth of the trust properties, together with one-fourth of the undistributed income, after payment of proper expenses and fees.

Appellants filed an answer to the affirmative statements in respondent's answer, and also filed an answer on April 25, 1956, to respondent's petition, which contained the following:

"I

"In answer to paragraph VI of said petition, these answering parties, deny that Donald Clancy is the person designated by the said Will or Decree of Distribution to receive the share of the trust estate which would have gone to Leslie M. Clancy, son of said decedent, had he survived Estelle W. Clancy.

"II

"Your petitioners further allege that upon the death of Leslie M. Clancy, he did not leave surviving him any 'lawful issue,' that there is therefore no 'lawful issue' surviving Leslie M. Clancy to take the share which he would have taken under the Will of the late Merrill Coburn Clancy.

"III

"Your petitioners, Frank Clancy, Louise Clancy and Marion Atherton, named in the Will and Decree of Distribution of the estate of Merrill Coburn Clancy do in effect dispute and contest the right of Donald Clancy to take any portion of said trust estate."

The matter was heard, and the following findings of fact were made by the trial court:

"9. That said deceased Leslie M. Clancy left surviving him no natural children or other issue of his body.

"10. That Leslie M. Clancy left surviving him Donald Clancy whom Leslie M. Clancy believed to be his duly and lawfully adopted child. That Donald Clancy was reared by Leslie M. Clancy as his child and at all times said Leslie M. Clancy and Donald Clancy bore toward each other the relationship of father and son respectively.

"11. That said Merrill Coburn Clancy, deceased, in his lifetime and at the time of making his will, believed that Donald Clancy was the duly and lawfully adopted child of his son, Leslie M. Clancy.

"12. That said Merrill Coburn Clancy, at all times, showed the same love and affection toward said Donald Clancy as if he were the natural child of his son, Leslie M. Clancy, and said Merrill Coburn Clancy in his will designated said Donald Clancy as his grandchild.

"13. That Estelle W. Clancy died on or about the 25th day of August, 1955.

"14. That Donald Clancy is the person intended by said Merrill Coburn Clancy, and is the person who by the terms

of the said will of said Merrill Coburn Clancy, deceased, was intended by said Merrill Coburn Clancy, to take the share of the trust estate of said Merrill Coburn Clancy that would have gone to Leslie M. Clancy, son of said Merrill Coburn Clancy, had said Leslie M. Clancy survived distribution of said trust.

"15. That said Donald Clancy is the person designated by the will of said Merrill Coburn Clancy, deceased, and the Order of Distribution in the estate of said deceased, as the lawful issue of Leslie M. Clancy, deceased.

"16. That at the date of death of said Estelle W. Clancy, the beneficiaries of the trust estate of Merrill Coburn Clancy, deceased, and their respective interests in said trust estate at said time were as follows:

| | | |
|---|---|---|
| "a. Frank B. Clancy | one-fourth (1/4) | interest |
| "b. Louise Clancy | one-fourth (1/4) | interest |
| "c. Marion C. Atherton | one-fourth (1/4) | interest |
| "d. Donald Clancy | one-fourth (1/4) | interest" |

and on January 4, 1957, an order was made for distribution of the trust estate, as follows:

"It Is Further Ordered, Adjudged and Decreed that the life tenant having died on August 25, 1955, the said trust terminated and the net estate upon such termination vested as follows:

"One-fourth thereof to Frank B. Clancy;

"One-fourth thereof to Louise Clancy;

"One-fourth thereof to Marion C. Atherton; and

"One-fourth thereof to Donald Clancy."

In this appeal it is contended that the decree of distribution and the will are clear and unambiguous; that it was error to permit extrinsic evidence to be introduced to disclose the intention of decedent; that the evidence was insufficient to support the findings of fact; and that respondent, in order to qualify under the will as the "lawful issue" of Leslie M. Clancy had the burden of proving every element of a formal adoption.

Appellants argue that "To reach the conclusion of the trial court that Merrill Coburn Clancy 'intended' and 'designated' Donald Clancy to take the share of the trust that would have gone to Leslie, it is necessary to impeach the decree of distribution which provides in plain language that a deceased 'parent's' share shall go to his or her 'lawful issue,' which

under many decided cases would not have included an adopted child, if an adoption had been established.''

This argument assumes, as appellants contend, that the words ''lawful issue'' are clear and unambiguous, and include only actual physical offspring. Appellants have also set forth in their reply brief that ''lawful issue'' was recently construed by an Illinois court in an inter vivos trust created in 1928 by the decedent Merrill Coburn Clancy as not to include respondent. Suffice it to say that a holographic will executed in California in 1947 by a domiciliary of California is to be construed according to the intention of the testator. (Prob. Code, § 101.) Inasmuch as the determination of the Illinois court had not been made at the time the will in question was executed, it cannot be considered for the purpose of ascertaining his intention.

 The decree of distribution repeats the terminology used by decedent in his holographic will. Under such circumstances, it has been held to be the duty of the court, in construing the decree, to look to the will. (See *Estate of Lockhart*, 21 Cal.App.2d 574, 579 [69 P.2d 1001], and cases cited thereat.)

 It is fundamental in interpreting wills in California that when an uncertainty arises upon the face of a will, the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made. (Prob. Code, § 105.) That the use of the words ''lawful issue'' may create such an uncertainty was established in *Estate of Pierce*, 32 Cal.2d 265 [196 P.2d 1]. It was stated therein (at p. 273): ''As a layman using the words 'lawful issue' in a holographic will he may have intended to distinguish legitimate from illegitimate children, adopted from natural children, legitimate children of the blood of the testator from adopted or illegitimate children, or he may have intended to include children of his legatees that they regard as their lawful issue. In view of the uncertainty appearing on the face of the will, it was proper for the trial court to admit evidence of the circumstances preceding the execution of the instrument to determine what the testator meant by 'children (*lawful issue*)' in the first provision quoted above, and by 'grandchildren being the *lawful issue*' in the second provision quoted above.'' In the same case, with reference to the inclusion of an adopted child within the meaning of ''lawful issue,'' it was stated (at p. 271), ''Moreover, the meaning of the term has frequently been determined

by the circumstances surrounding the execution of the will, such as the testator's knowledge of the adoption and his approval or disapproval thereof (citing cases and authorities), or the testator's knowledge of the inability of persons, whose 'issue' are provided for in the will to bear children.''

In considering whether adoption statutes may be considered in ascertaining whether ''lawful issue'' includes adopted children, and in deciding recently in *Estate of Heard,* 49 Cal.2d 514 [319 P.2d 637], that ''issue'' or ''lawful issue'' may include adopted children, the court stressed the public policy to treat adopted children the same as blood children in the absence of some indication by the testator that an adopted child was to be excluded. In this case, the court, speaking through Mr. Justice Carter, discussed the genetic theory and the theory that ''natural inclinations and affection'' derive from family experience and contact, and stated (at p. 521), ''On the family experience and contact theory, the relatives of the adoptive parents, lineal and collateral, become the relatives of the adopted child. Normally, they are the only grandparents, uncles, aunts, brothers, sisters and cousins he knows. His genetic grandparents, uncles, aunts, brothers, sisters and other relatives in a sizable percentage of cases of illegitimate birth will not even have been aware of his existence; and in many other instances will have known him only very briefly prior to his surrender for adoption as a very young infant.''

In view of the uncertainty as to compliance by Leslie M. Clancy and Beatrice Clancy with the formalities required to effect a legal adoption of Donald Clancy, the problem of whether respondent could qualify for inclusion within the term ''lawful issue'' is simplified by the recent decision of the Supreme Court in *Estate of Stanford,* 49 Cal.2d 120 [315 P.2d 681]. ■ In this case, speaking through Mr. Justice Carter, the Supreme Court stated (at p. 135), ''It has been the policy of this state, at least since the adoption of the Civil Code, to accord to adopted children the same status as natural children.'' ■ The effect of compliance or noncompliance with the statutory formalities pertaining to adoption was also considered, the court stating (at p. 142), ''While there may have been some irregularities in the proceeding they are not of sufficient importance upon which to base a collateral attack. . . . The adoption has stood for many years, since 1924, without attack by anyone. (See *Estate of Smith,* 86 Cal.App.2d 456 [195 P.2d 842].) ■ *Stanford University has not established that the adoption*

*was void and it must be presumed to have been valid.* (*Estate of Smith, supra,* 86 Cal.App.2d 456.) The effect of adoption under the New York law and construction of the will is not important. We are not here concerned with a question of inheritance but with the construction of a will, and, whether 'child or children' includes adopted persons. The construction of the will is governed by California law (see Prob. Code, § 100; Rest., Conflicts, § 308)." (Emphasis added.)

The evidence presented in this case indicates that at all times decedent knew that respondent was not the natural child of his son Leslie M. Clancy; that decedent was vitally interested and concerned about the custody of the child and was willing to make provision for him in 1929 when his son Leslie M. Clancy and his then wife were involved in divorce proceedings; that decedent referred to respondent as his grandson and treated him the same as the natural children of his other children; and that at all times up to decedent's death an affectionate and close relationship existed between decedent and respondent.

The trial court heard the testimony and made express findings as to what decedent intended. There is substantial evidence to support the findings.

The judgment is affirmed.

White, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied April 30, 1958, and appellants' petition for a hearing by the Supreme Court was denied June 4, 1958.