In re ESTATE of Sue Crossman GRAY, also known as Sue C. Gray, Deceased.
Administration No. 96211.

United States District Court
District of Columbia,
Civil Division.
Dec. 10, 1958.

Ferdinand J. Mack, Washington, D. C., guardian ad litem, for caveator.

E. W. Mollohan, Jr., Washington, D. C., for caveatee.

PINE, District Judge.

This is a motion to dismiss a caveat to a will. Caveator is the adopted son of a deceased daughter of testatrix. By her will testatrix left her entire estate to her two surviving daughters and made no provision for caveator.

The ground for the motion is that caveator does not have the requisite interest in the estate to permit him to file a caveat, in that he lacks the relationship to testatrix which would entitle him to share in her estate had she died intestate. Kimberland v. Kimberland, 92 U.S.App. D.C. 145–147, 204 F.2d 38.

The facts are undisputed, but inasmuch as matters outside the pleading are presented to the court the motion to dismiss is treated as one for summary judgment. Rule 12(b), 28 U.S.C.A.

Caveator was legally adopted by the now deceased daughter of testatrix and her husband from whom she was later divorced. This was accomplished on November 16, 1946 by decree of the Circuit Court for Baltimore County, Maryland. His adoptive mother died in 1954. The testatrix in this case died in 1958. She was domiciled in the District of Columbia at the time of her death. All of her

property, real and personal, is located within the District of Columbia.

The first question to be determined in reaching a conclusion as to whether caveator would be entitled to share in the estate of testatrix had she died intestate, is whether caveator's status as an adopted child will be recognized in the District of Columbia. I find no District of Columbia case bearing directly on this point, but the great weight of authority in other jurisdictions is that the status of adoption validly acquired under the law of a state will be recognized and given effect in another state where the property is located or the decedent was domiciled. (154 A.L.R. 1179, and the cases collected therein.) Following this authority, I am of the opinion that caveator, having validly acquired the *status* of an adopted child in Maryland, such status should be recognized in the District of Columbia, in respect of inheritance of property located therein. There is no public policy which would forbid the recognition of such status.

Having reached this conclusion in respect of his status, the second question is whether his right, if any, to inherit the particular property in question is to be determined under the laws of the District of Columbia where the property is located and where the testatrix was domiciled, or under the laws of Maryland, where he was adopted. Again I find no local cases on this precise point, but the general rule, which I shall follow, supports the view that his right of inheritance is to be decided by the laws of the District of Columbia. (154 A.L.R. 1179, supra.) This is in accord with the related rule that the law of the domicile of decedent governs distribution of personal property and the law of the situs of real estate governs its descent. Ennis v. Smith, 14 How. 400, 55 U.S. 400, 14 L.Ed. 472, originating in the District of Columbia; Greenwood v. Page, 78 App.D.C. 166, 138 F.2d 921; Noyes v. Parker, 68 App.D.C. 13, 92 F.2d 562; Prall v. Prall, 56 App.D.C. 333, 13 F.2d 305.

The issue, therefore, resolves itself into a determination of whether caveator, whose status as an adopted child is recognized, would have a right to inherit the property in question under the laws of the District of Columbia. To reach a conclusion on this issue it is next necessary to ascertain when such right accrued. On this point I likewise find no local case to guide me, but turning to the cases generally the weight of authority supports the view that the right of an adopted child to inherit is to be determined by the law in force at the death of the person from whom the inheritance is claimed. McFadden v. McNorton, 193 Va. 455, 69 S.E.2d 445; Mott v. National Bank of Commerce, 190 Va. 1006, 1011, 59 S.E.2d 97; Blodgett v. Stowell, 189 Mass. 142, 75 N.E. 138; Brooks Bank & Trust Co. v. Rorabacher, 118 Conn. 202, 171 A. 655; Sorenson v. Rasmussen, 114 Minn. 324, 131 N.W. 325, 35 L.R.A.,N.S., 216; Anderson v. French, 77 N.H. 509, 93 A. 1042, L.R.A. 1916A, 660; Kolb v. Ruhl's Adm'r, 308 Ky. 604, 198 S.W.2d 326; Gilliam v. Guaranty Trust Co. of New York, 186 N.Y. 127, 78 N.E. 697, and other cases cited in the foregoing authorities. Under this interpretation of the law, which I adopt, and which is consistent with the rule that no rights vest under a will until the death of the testator, it appears that prior to 1954 the adoption statute of the District of Columbia expressly provided that an adoptee "shall not inherit from * * * the parents of adoptor" (Sec. 16–205, D.C.Code, 1951 Ed., Act of August 25, 1937); but on June 8, 1954, this statute was repealed and in lieu thereof it was provided that a final decree of adoption "shall establish the relationship of natural parent and natural child between adoptor and adoptee for all purposes, including mutual rights of inheritance and succession the same as if adoptee was born to adoptor", and that such "adoptee shall take from, through, and as a representative of his adoptive parent or parents in the same manner as a child by birth, * * *." (Sec. 16–222, D.C.Code, 1951 Ed., Supp. VI.) In

this case the testatrix, the person from whom the inheritable right is claimed, died in 1958, and under the law at that time there accrued to petitioner the right to inherit from her.

This would seem to settle the question that caveator has the requisite relationship to entitle him to file his caveat, but caveatee urges that such a holding would give the statute a retroactive effect, which by its terms is forbidden. He reaches this conclusion because of his view that caveator's rights vested either at the time of his adoption or at the time of his adoptive mother's death, both prior to the enactment of the 1954 adoption statute, which gives the adopted child the right to take through his adoptive parent the same as a child by birth. However, as above set forth, his right of inheritance is determined by the law in force at the time of the death of the testatrix, four years after the enlarging statute of 1954 was enacted. Therefore, the statute is not given a retrospective but a prospective effect. The case of Hall v. Scarlett, 1950, 86 U.S.App.D.C. 165, 181 F.2d 277, cited by caveatee is not to the contrary. There the court held that the provision of the District of Columbia adoption statute of 1937 (the predecessor of the 1954 statute, supra) which cut off all rights of inheritance between adoptee and his natural parents only applied to decrees entered under that statute, and is not authority for the proposition, as contended by caveatee, that the right of inheritance of an adopted child is to be determined by the law in force at the time of adoption. In other words, it only held that a right already possessed by an adoptee at the time of the enactment of the 1937 adoption statute was not divested, and did not hold that any right given him by the statute in addition to those he already had were to be excluded. Nor does the case of Gutman v. Safe Deposit & Trust Co. of Baltimore, 198 Md. 39, 81 A.2d 207, support this contention of caveatee. That case held that rights which had vested many years prior to an amendment of the Maryland Code, 1947, giv-

ing adopted children a right to inherit from the parent of the adopting parent, were not to be disturbed by the amendment, and that the statute would not be given such retrospective effect.

The motion to dismiss the caveat will be denied. Counsel will submit appropriate order.