DOLLAR SAVINGS & TRUST COMPANY OF YOUNGSTOWN ET, PLAINTIFF-APPELLEE, *v.* MUSTO ET, DEFENDANTS-APPELLANTS, BONNELL, A. K. A. MARY COUMES, A. K. A. MARY ELLEN NIARCHOS, DEFENDANT-APPELLEE.

Ohio Appeals, Seventh District, Mahoning County.

No. 4146.  Decided April 25, 1961.

*Messrs. Manchester, Bennett, Powers & Ullman,* for plaintiff-appellee.

*Messrs. Harrington, Huxley & Smith,* for defendants-appellants.

*Mr. Robert T. Williams* and *Mr. Robert A. Seidner,* for defendant-appellee.

DONAHUE, J.  The petition in this case was filed in the Court of Common Pleas and labeled "petition by fiduciary for instructions, for construction of will and for determination of rights of parties."  It was brought by the plaintiff, the Bank—Trustee under the will of Annie Arms Bonnell, and

named as defendants Barbara Arms Bonnell Musto, Henry Stambaugh Bonnell, and Mary Ellen Bonnell. It states that the testatrix died testate on July 24, 1938, leaving her son, Charles Arms Bonnell, surviving her, who was the beneficiary of a trust administered by the plaintiff-bank. The trust further provided for Charles' Wife Florence, should she survive him and providing she should still be his wife at his death. Florence, however, divorced Charles subsequent to his mother's death.

Item IV, paragraph D of Annie's will provided that upon Charles' death, if the bequest to Florence were not effective, then the estate, if any, should go to Barbara and Henry. However it made further provision that if there were any other "* * * issue of my son Charles Arms Bonnell surviving * * *" then such issue would take twenty-five percent of such balance.

Mary Ellen Bonnell was the duly adopted daughter of Charles, being the daughter of Charles' last wife, who survived him, by a previous marriage. Charles adopted this girl some sixteen years after the death of his mother, the girl then being seventeen years old.

An appeal on questions of law only is before us from the decision of the court of common pleas.

We might note that the assignments of error mention a judgment in favor of defendant, Mary Ellen Bonnell. We believe this to be a slight mistake of fact. While the judgment favored this defendant by its content, the action was for construction of the will and therefore, in our opinion, could not be "in favor" of any party.

The only question in the entire case is the interpretation of the word "issue," and whether or not that term includes adopted children.

The pertinent statute in effect at the time of Annie's death, as well as at the time the will was drawn, was that on adopted children's rights and gave such adopted child all the rights of natural children, with the exception that "* * * such child shall not be capable of inheriting property expressly limited to the heirs of the body of the adopting parent or parents." Section 8030, General Code.

So that the simple and yet complicated question before us,

as we see it, is this: Is the word "issue" so synonymous with "heirs of the body" as to come within this limitation?

At first blush, this would seem to be so, and we feel that the meaning of "issue" in times gone by was probably just that. But in modern days, after reading all the cases submitted and after careful research, we find that the word "issue" has taken on a much broader meaning and feel that it now, and did at the time the will was drawn, include adopted children. It is well to point out that this clause refers to the issue of Charles, and not to the issue of Annie.

In drawing her will, Annie was charged with the knowledge of statutes and law as they then existed. And, although she could have been more specific and used the wording of the statute, had she intended to exclude adoptive children, she did not do so. Further, had she wanted to keep her estate strictly within blood lines, she would have made no provision for Charles' then wife, Florence. We are fully cognizant of the fact that Charles' adopted daughter did not become so for sixteen years after Annie's death and seventeen years after the will was drawn. We also recognize the fact that Annie unquestionably realized that Charles was unlikely to have any more natural children subsequent to that time.

Under all these facts and circumstances we find the assignment of error not well taken, and we affirm the judgment of the court below, and hold that the defendant, Mary Ellen Bonnell is entitled to participate in the trust fund, as "issue" according to the terms of the will.

BROWN, P. J., and GRIFFITH, J., concur.