OGBORNE v. OGBORNE, ADMINISTRATOR ETC.

[No. 19,828. Filed November 18, 1963. Rehearing denied December 19, 1963. Transfer denied February 26, 1964.]

*G. K. Hodson, Thomas B. Millikan,* and *Millikan & Hodson,* of New Castle, for appellant.

*Hugh Tuck Schulhof,* and *Sidney E. McClellan,* both of Muncie, for appellees.

MOTE, C. J.—Appellant, Richard Ray Ogborne, filed a petition to determine heirship during the administration of the estate of Maude M. Ogborne, deceased. When ten (10) years of age, on May 29, 1912, appellant had been duly and legally adopted as the child and heir at law of Edwin D. Ogborne and Jeanette C. Ogborne. Said Edwin D. Ogborne died intestate on March 18, 1960, and left surviving him, in addition to his said adopted son, his widow, Jeannette C. Ogborne, and his mother, Maude M. Ogborne, who died intestate on April 17, 1961. Robert M. Ogborne, in his application for letters of administration of the estate of the said Maude M. Ogborne, deceased, ignored naming appellant as an heir at law and named himself only as an heir, he being a surviving son of said decedent.

The matter was submitted for trial by the court, without the intervention of a jury, upon a written stipulation of facts, after which the court found and decided against appellant and for appellee that Robert M. Ogborne was the sole and only heir at law of decedent, Maude M. Ogborne.

The only question presented by this appeal is whether, under our statutes of descent, one who was a minor at the time of his adoption, inherits from an adoptive grandparent. Stated another way, does one who was a minor, as was appellant, at the time he was adopted, become an heir of his adoptive grandparent, his adoptive parent, a son of said intestate, having previously died.

It seems to us that the answer to the question already has been decided by the court of Indiana in their interpretation of a legislative enactment on the subject. We think that §6-208, Burns' 1953 Replacement, [Acts 1953, ch. 112, Sec. 208, p. 295], as interpreted by both the Supreme Court and this court, is actually determinative of the question without resort to other consideration.

Said section reads as follows:

"(a) For the purpose of inheritance to, through and from a child legally adopted during his minority, such child shall be treated the same as if he were the natural child of his adopting parents, and he shall cease to be treated as the child of his natural parents and of any previous adopting parents for purposes of intestate succession: Provided, that if a natural or any previous adopting parent shall have married the adopting parent, the adopted person shall also be considered the child of such natural or previous adopting parent.

(b) For the purpose of inheritance to, through and from a child legally adopted when an adult, such child shall be treated as the child of his nat-

ural parents for purposes of intestate succession except that he shall in addition be entitled to inherit as a child from the adopting parent or parents."

The above quoted section was in full force and effect at the time of the intestate's death, and as stated in *Scott* v. *Scott, Administratrix et al.* (1958), 238 Ind. 474, 150 N. E. 2d 740, our Supreme Court held that:

> "It is a well settled rule in Indiana that the rights of heirs are determined by the statutes of descent in force at the time of the intestate's death. See: *Griffis* v. *First Nat. Bank* (1907), 168 Ind. 546, 81 N. E. 490; *Brown, Executor et al.* v. *Critchell et al.* (1887), 110 Ind. 31, 7 N. E. 888, 11 N. E. 486."

With other statements contained in the majority opinion in *Scott* v. *Scott, supra,* it seems clearly established that said Section 6-208 governs the proposition now before us.

In *Pointer et al.* v. *Lucas et al.* (1960), 131 Ind. App. 10, 169 N. E. 2d 196, we find the following comment regarding this section:

> "This means as it says, that when a minor child is adopted, such child, for the purpose of inheritance, shall cease being the child of his natural parents—he will not inherit from such natural parents or their relatives and they shall not inherit from him. He will thereafter inherit from such adopting parents and their collateral relatives and they in turn will inherit from him. The phrase 'to, through and from' means that property will be transmitted to such child, through such child and from such child the same as if he were the natural born child of such adopting parent. For the purpose of inheritance such child is born again. . . . "

It is said that our statute, the section under discussion, is the same as the statute in Ohio, where, in applying the same, it was held, in substance, "that a devise of real estate by a testator to his son and daughter equally, and in case of the death of either without living *issue,* then the equal share of the deceased shall revert to any living children or *their heirs* in equal amounts" should, under the provisions of said statute, be held to include an "adopted daughter" as "issue" and as an heir of the deceased son of the testator and as such is entitled to her adopted father's share of the real estate involved.

Again, in *Pointer et al.* v. *Lucas et al., supra,* it is said:

"Our statute gives to a child adopted during minority, all of the rights of 'issue' and 'heirs,' as such terms apply to intestate succession and it is therefore unnecessary to engage in an extended controversy over whether adopted children are in fact 'issue' or 'heirs' within the general definitions of such terms."

Another decision and opinion in our jurisdiction bears upon and has significance in regard to the case on appeal, namely, *Kerlin* v. *Kenny, Administrator, et al.* (1958), 129 Ind. App. 199, 153 N. E. 2d 607. Said Section 6-208, and particularly sub-section (a), was under consideration and this court said:

"It seems clear from the language employed by the Legislature in said subsection, and the manner of statement thereof, that for the purposes of intestate succession the blood line between a child adopted during its minority and its natural relatives is completely severed, except under the conditions found in the proviso to said subsection. First, the subsection contains a positive mandate that the adopted child *shall be treated* as the *natural child* of the adoptors; and, second, it con-

tains an equally positive desist against treating the adopted child as the child of its natural parents. The word 'treated', as here used, seems to be synonymous with such words as 'considered', 'regarded', 'dealt with', etc."

According to our statutes, and particularly Burns' Indiana Statutes, 1953 Replacement, Vol. 3, Sec. 6-201, and the general rules of descent:

> "The net estate of a person dying intestate shall descend and be distributed as follows:
> " . . .
> "(c) (1) To the issue of the intestate, if they are all in the same degree of kinship to the intestate, they shall take equally; or if of unequal degree, then those of more remote degrees shall take by representation."

From what we have said, supported by the authorities from which we have quoted quite at length, it ought to be obvious, we think, that appellant in reference to the state of Maude M. Ogborne, deceased, is an heir, and no good purpose would be served in further extending this opinion.

The judgment of the trial court is reversed with directions to include appellant as an heir of the said Maude M. Ogborne, deceased, with the right, so far as the record before us discloses, to a distribution of his proportionate share of the assets in said estate.

Hunter, Kelley and Pfaff, JJ., concur.

NOTE.—Reported in 193 N. E. 2d 914.