John Byron **MEALY**, **Plaintiff in Error**,

v.

The **FIRST NATIONAL BANK AND TRUST COMPANY OF TULSA**, as **Trustee under the Last Will and Testament of S. R. Mealy, Deceased, Richard Brent Mealy, Max B. Mealy, George B. Mealy, Virginia Dare Mealy and the surviving issue of Richard B. Mealy, Deceased, Defendants In Error.**

**No. 41641.**

Supreme Court of Oklahoma.

Sept. 24, 1968.

Harry M. Crowe, Jr., Crowe, Thieman & Froeb, Tulsa, for plaintiff in error.

Hayden E. Weaver, Tulsa, Guardian Ad Litem for Richard Brent Mealy, a minor, Bradford & Weaver, Tulsa, for defendant in error, Richard Brent Mealy.

BERRY, Justice.

Defendant in error brought this action as Trustee to construe certain trust provisions of the will of S. R. Mealy, executed July 29, 1948, and admitted to probate January 10, 1949, in Tulsa County. Plaintiff bank was named Trustee under a will which created two trust estates and provided eventual disposition of testator's entire estate. Trust "A" was created solely for benefit of testator's wife and is of no concern herein.

Trust "B" was for benefit of the wife for life and at her death was to be divided in equal shares between testator's surviving children, or the surviving issue of a deceased child. In pertinent part, the provision was:

"The net income from TRUST B shall be paid in convenient installments, preferably monthly, to my wife, GERTRUDE L. MEALY, during her lifetime. Upon the death of my said wife or upon my death, if she should predecease me, TRUST B shall be divided into equal shares or separate trusts for my children, MAX B. MEALY, RICHARD B. MEALY and GEORGE B. MEALY, one share or separate Trust for each living child and one share or separate Trust per stirpes for the surviving issue of each deceased child, and administered as follows: * * *"

At death testator was survived by three sons, one of whom was Richard B. Mealy. On March 13, 1961, Richard B. Mealy and his wife adopted John Byron Mealy, then 13 years of age, by appropriate proceedings

in the Seminole County Court. The adoptive father died December 24, 1962, survived by his natural son, Richard Brent Mealy, and by his adopted son, plaintiff in error herein. Testator's surviving wife died February 2, 1964.

Plaintiff's petition, under authority of 60 O.S.1961, § 175.1 et seq., asked appointment of guardians ad litem for both minor trust beneficiaries, and for the court to take jurisdiction and construe Article IV paragraph 3 of the will to determine whether "issue" as used therein included John Byron Mealy, and to adjudicate the individual identity of all persons who were surviving issue of Richard B. Mealy and entitled to participate in distribution of Trust B on the date of Gertrude L. Mealy's death.

Answers filed in behalf of both minor sons joined in the prayer for construction of the will. Plaintiff in error further alleged he was the beneficiary and entitled to half interest in the trust estate held for benefit of the issue of Richard B. Mealy, deceased.

The trial court determined the only question was whether plaintiff in error, the adopted son, was included in the term "issue" as used in the will, and entitled to participate as issue of Richard B. Mealy. The case was presented upon oral arguments and briefs, and then taken under advisement by the trial court. After determining jurisdiction of the subject matter and parties and validity of the trust, the court decreed the term "issue" did not include the adopted son, and plaintiff in error therefore had no interest in, and was not entitled to share in Trust B, and the natural son of Richard B. Mealy, deceased, was the only person entitled to share therein.

Summarized briefly, the argument for reversal of the judgment is that use of the word "issue" in a will should not be considered an exclusive term, absent indication of testator's intention to exclude an adopted child. Since we have defined "issue" to mean all descendants of every degree and generation, and our statutes of intestate succession have been held to include adopted children, the questioned term should be construed as relating to status rather than origin, and necessarily must include adopted children. Thus, because statutes of intestate succession include adoptees, testator's will must be construed as having been made with knowledge of existing law and in light of expressed public policy which places an adopted child upon the same footing as a natural child. Franklin v. Margay Oil Corp., 194 Okl. 519, 153 P.2d 486; Miller v. Combs, 195 Okl. 267, 156 P.2d 811; 84 O.S.1961, § 213; 10 O.S.1961, § 52. Plaintiff in error further cites and relies upon the rule of In re Heard's Estate, 49 Cal.2d 514, 319 P.2d 637, which was decided under an adoption statute similar in import to our own Uniform Adoption Act, 10 O.S.1961, § 60.1 et seq.

Plaintiff in error then points to our decision in Conville v. Bakke, Okl., 400 P.2d 179, and suggests this Court's approval of the reasoning and rationale in Heard, supra, because Bakke expressed the modern trend of holding adopted children within the class created by the use of the word "heirs." It should be noted again that the conclusion reached in Bakke, supra, was confined specifically to cases where the testator was the adoptive parent, or the adoption occurred prior to execution of the will involved.

Following rendition of the present judgment two cases have been decided which foreclose plaintiff in error's arguments for reversal. In Moore v. McAlester et al., Okl., 428 P.2d 266, we held use of the phrase "issue of her body", in respect to a named devisee, did not include children adopted after execution of the will.

In Hein v. Hein, Okl., 431 P.2d 316, the language of the will created a life estate in a son, the remainder going in equal shares to "children" of the life tenant. The testator died and the life estate terminated prior to enactment of the Uniform Adoption Act, supra. The adoption occurred after

testator's demise. Denying the contention the adopted children were entitled to inherit under the testator's will as children of their adoptive father, we held the issue was determinable under the law existing prior to enactment of the Act, supra. In support of our conclusion, it was pointed out testator was presumed to have known state law excluded adopted children from inheriting from lineal or collateral kin when the will was executed. Thus, adopted children were precluded from participating in testator's estate, absent a clear intention to include adoptees as natural children " * * * by means of precise language." The rules stated in our latest decisions foreclose the argument offered for reversal of the judgment.

Judgment affirmed.

All Justices concur.