Sheryl HINES, Appellant,

v.

FIRST NATIONAL BANK AND TRUST COMPANY OF OKLAHOMA CITY, Executor of the Estate of Mary Anna Wullich, John B. Wullich, Cecilia E. Kelley, Thelma Ann Jillson, Hilda R. Lanahan, Stephen Schutten, Jenean Blumhof, Carolyn Sell, and Theresa Winters, Appellees.

No. 60864.

Supreme Court of Oklahoma.

Oct. 1, 1985.

Rehearing Denied Oct. 29, 1985.

Sweeney & Lankford, Norman, by Everett Sweeney, for appellant.

John F. Eberle, Oklahoma City, for appellee First Nat. Bank.

Robert G. Grove and John G. Spires, Oklahoma City, for appellees.

KAUGER, Justice.

The dispositive question presented is whether an adopted grandchild falls within the definition of "issue" in a will which provides:

> "In the event that any of my children predecease me that part given to such child shall be given ... to that issue of such deceased child."

The trial court held that the term issue did not include adopted lineal descendants. We find that the Uniform Adoption Act, 10 O.S. 1981 § 60.16(1), (Act) dictates a contrary result.

Sheryl Hines (appellant) was adopted as an infant by Edith M. Giblet (deceased) on August 24, 1950. Mary Anne Wullich, grandmother, (testatrix), mother of the decedent, knew of Sheryl's adoption when she, by testamentary disposition in 1967, devised her estate to her children. The testatrix also stipulated that if one of her children predeceased her, that child's share was to be awarded to the child's issue.

Edith died before her mother, leaving Sheryl as her only child. The testatrix died on November 18, 1981, and her will was admitted into probate on December 15, 1981. First National Bank of Oklahoma City (executor) and John B. Wullich, Decilia E. Kelley, Thelma Ann Jillson, Hilda R. Lanaham, Stephen Schulten, Jeanan Blumhof, Carolyn Sill, Theresa Winters (appellees) asserted, that because the adopted descendents were not issue under the terms of the testatrix's will, Sheryl was not entitled to a share of the estate. The trial court agreed, ordered partial distribution of the estate to the appellees, denied Sheryl's share of the estate, and held that adopted lineal descendants were not issue under the will. This appeal followed.

**UNLESS ADOPTED LINEAL DESCENDENTS SPECIFICALLY ARE EXCLUDED BY TESTAMENTARY DISPOSITION, THE UNIFORM ADOPTION ACT, 10 O.S. 1981 § 60.16, INCLUDES ADOPTED CHILDREN AS BENEFICIARIES AND DEVISEES UNDER A WILL LEAVING THE ESTATE TO THE ANCESTOR'S ISSUE.**

Before 1957, adopted children could not inherit property from the lineal kindred of the adoptive parent because they were considered neither issue of the adoptive parents [1] nor lineal descendents of the adoptive parent's family. The appellant contends that the enactment of the Uniform Adoption Act in 1957 abolished all pre-existing differences between adopted and natural children,[2] created the same duties and legal responsibilities to an adopted child as to a natural child, and broadened the definition of issue by providing that an adopted child may inherit property from adoptive relatives through the adoptive parent.[3] The executor and the appellees assert that

the testatrix explicitly excluded the appellant from sharing in her estate by using the term issue in her will, and that the term issue is confined to blood-related offspring of a common ancestor.[4]

■ Although the Uniform Adoption Act was not enacted until 1957, and the appellant was adopted in 1950, generally the right of an adopted child to inherit is decided by the law in force at the death of testatrix/testator not the date of the adoption.[5] In *In Re Gray's Estate*, 168 F.Supp. 124, 126 (D.C.Cir.1958), the grandmother devised her entire estate to her two daughters. One of her daughters predeceased her mother, and left her adopted son. The court held that the right of an adopted child to inherit from an estate is determined by the law at the death of the grandmother, and that the statute in force at the grandmother's death established a natural parent and natural child relationship between the adopting parent and the adopted child, including the rights of inheritance and succession. The court also held that even though the adopter's mother died prior or the adopter's mother died prior to the statute's enactment and prior to the grandmother's death, the statute in force at the grandmother's death was controlling.[6]

■ This Court, in *Mealy v. First Nat'l Bank & Trust Co. of Tulsa*, 445 P.2d 795–96 (Okla.1968), stated that the term issue did not include children adopted by the testator's later deceased child after the testator's death. However, *Mealy* is distinguishable because the testator died in 1949, before the enactment of the Uniform Adoption Act, and the statute in force at the testator's death did not permit adopted children to inherit property from the lineal kindred of the adoptive parent because the children were not considered issue. Here,

---

1. *Moore v. McAlester,* 428 P.2d 266, 270 (Okla. 1967).

2. *Conville v. Bakke,* 400 P.2d 179, 187 (Okla. 1964).

3. See 10 O.S. 1981 § 60.16, note 7, infra.

4. Binavince, "Adoption and the Law of Descent and Distribution; A Comparative Study and a

Proposal for Model Legislation", 51 Cornell L.Rev. 152, 155 (1966).

5. *Ogborne v. Ogborne,* 135 Ind.App. 615, 193 N.E.2d 914–15 (1963); *In Re Gray's Estate,* 168 F.Supp. 124, 126 (Cir.D.C.1958).

6. *In Re Gray's Estate,* id.

the statute in force at testatrix's death was the Uniform Adoption Act. The Act specifically provides that adopted children shall take from and through his/her adoptive parents thereby establishing the adopted child as a lineal descendent.[7] To the extent that *Mealy* is inconsistent with the views expressed herein, it is hereby overruled.

■ The Act does not provide that adopted children must inherit from and through their adoptive parents. A relative who wishes to prevent the adopted child from sharing in his/her estate can exclude these children by will. Adopted children, however, should not be eliminated as beneficiaries or devisees absent a clear and explicit expression to do so.[8] In *Moore v. McAlester*, 428 P.2d 266, 270 (Okla.1967), the testator created a life estate in her daughter with the remainder bequeathed to the issue of her (daughter's) body. The court held that the phrase, issue of her body, applied only to the children of her daughter's body and did not pertain to adopted lineal descendants. Likewise, in *Smith v. Thomas*, 198 Kan. 250, 424 P.2d 498, 501 (1967), the testator devised a life estate to his wife. Then, after her death, the life estate was devised to his daughter with the remainder devised to his issue

born in wedlock. The testator excepted adopted children from sharing in his estate by using the phrase, issue born in wedlock, in his will.

■ Apparently, the trial court concluded that the term issue was synonymous with heirs of or issue of the body. Historically, that may have been correct, but because of the adoption of the Act and societal changes, the contemporary definition of issue has taken on a wider meaning.[9] The majority of jurisdictions [10] interpreting the Uniform Act [11] have held that adopted children and adoptive parents possess the same duties and legal responsibilities to one another as if the adoptee were the natural child, and that exclusion from inheritance by adopted children must be done with precision. Under the Act, the final decree of adoption establishes the relationship of natural parent and natural child between the adoptive parent and adopted child for *all* purposes including the mutual rights of inheritance and succession.

*In Re Clancy's Estate*, 159 Cal.App.2d 216, 323 P.2d 763–64 (1958) is similar to the case presented. The testator's son in *Clancey* predeceased the testator leaving his adopted son as his issue. The testator

---

7. Although it has been amended numerous times, including 1984, the pertinent part of the Uniform Adoption Act, 10 O.S. 1981 § 60.16(1), has remained virtually unchanged since 1957. It provides:

> "After the final decree of adoption is entered, the relation of parent and child and all the rights, duties, and other legal consequences of the natural relation of child and parent shall thereafter exist between the adopted child and the adoptive parents of the child and the kindred of the adoptive parents. *From the date of the final decree of adoption, the child shall be entitled to inherit real and personal property from and through the adoptive parents in accordance with the statutes of descent and distribution,* and the adoptive parents shall be entitled to inherit real and personal property from and through the child in accordance with said statutes." (Emphasis supplied)

8. *In Re Daniels' Estate*, 401 P.2d 493, 497 (Okla. 1965); *Ogborne v. Ogborne*, See note 5 supra.

9. *Dollar Savings & Trust Co. of Youngstown v. Musto*, 88 Ohio App. 62, 181 N.E.2d 734–35 (1961). Under Oklahoma law construing the

statute of descent and distribution, 84 O.S. 1971 § 213(6), issue has been defined to include descendants, lineal descendants, offspring and grandchildren. See *Haynes v. Fidelity Bank, N.A.*, 645 P.2d 492, 494 (Okla.1982).

10. *Conville v. Bakke*, see note 2, supra; *In Re Heard's Estate*, 49 Cal.2d 514, 319 P.2d 637, 640 (1957); *Hester v. Young*, 154 Neb. 227, 47 N.W.2d 515, 519 (1957); *Vreeland v. Vreeland*, 296 S.W.2d 55, 58 (Mo.1956); *In Re Calhoun's Estate*, 44 Cal.2d 378, 282 P.2d 880, 886 (1955); *Dodson v. Ward*, 31 N.M. 54, 240 P. 991–92 (1928); *Sorenson v. Churchill*, 51 S.D. 113, 212 N.W. 488–89 (1927); *In Re Hebb's Estate*, 134 Wash. 424, 235 P. 974–75 (1925); *Baker v. Johnson*, 37 Idaho 359, 218 P. 641, 650 (1923); *Riley v. Day*, 88 Kan. 502, 129 P. 524–25 (1913); *People v. Estate of Murray*, 29 Colo.App. 195, 481 P.2d 420–21 (1971); *Estate of Kuhn v. Kuhn*, 148 Ind.App. 528, 267 N.E.2d 876, 878 (1971); *In Re Baker's Estate*, 172 So.2d 268, 270 (Fla.App. 1965); *Willey v. Lawton*, 8 Ill.App.2d 344, 132 N.E.2d 34–5 (1956); see also note 4, supra.

11. See also *Brown v. Crawford*, 699 P.2d 162, 164 (Okla.App.1985) cert. den'd April 30, 1985.

provided in his will that if a child leaving lawful issue predeceased him, the issue was to take the child's share of the estate.[12] The Court held that public policy required equal treatment of adopted children unless an explicit contrary intent was shown by the language of the will.

We find that unless adopted children specifically are excluded by testamentary disposition, the Uniform Adoption Act places adopted children in the same class as natural children. The trial court erred. Sheryl was the daughter of the decedent, and under the Uniform Adoption Act, she was a lineal descendent of the testatrix. Because the use of the word, issue, standing alone does not bar adopted children, Sheryl was not precluded from taking under her grandmother's will.

REVERSED AND REMANDED.

DOOLIN, V.C.J., and HODGES, LAVENDER, OPALA, and SUMMERS, JJ., concur.

SIMMS, C.J., and ALMA WILSON, J., concur in result.

HARGRAVE, J. dissents.

---

**12.** "In case of the death of any of my said children before the time of final distribution of my said trust estate leaving lawful issue surviv- ing, such issue shall take the share of my said trust estate, which the parent would have taken, if the parent had survived."