OSCN Found Document:SMITH v. SMITH

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 







 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 SMITH v. SMITH
2017 OK CIV APP 56
Case Number: 115313
Decided: 10/13/2017
Mandate Issued: 11/08/2017
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2017 OK CIV APP 56, __ P.3d __

 



DAWNITA LYNN SMITH and DAPHNE PHAE SMITH, Plaintiffs/Appellants,
v.
GREG SMITH, Defendant/Appellee,
and
THE HEIRS, EXECUTORS, ADMINISTRATORS, DEVISEES, TRUSTEES and ASSIGNS OF ROBERT LEE SMITH, DECEASED; the UNKNOWN SUCCESSORS OF ROBERT LEE SMITH, DECEASED; JANET SMITH, SURVIVING SPOUSE OF ROBERT LEE SMITH, DECEASED, Defendants.





APPEAL FROM THE DISTRICT COURT OF
ALFALFA COUNTY, OKLAHOMA


HONORABLE LOREN E. ANGLE, TRIAL JUDGE





REVERSED AND REMANDED





Kyle B. Hadwiger, Marcus A. Jungman, PLLC, HADWIGER & JUNGMAN, Cherokee, Oklahoma, for Plaintiffs/Appellants,
Rick Cunningham, Alva, Oklahoma, for Defendants/Appellees.







BRIAN JACK GOREE, PRESIDING JUDGE:



¶1 The issue on appeal is whether an adopted child is entitled to share in a remainder interest granted to the natural children born of the life tenant. Robert Smith, deceased, was survived by two biological children, Dawnita Lynn Smith and Daphne Phae Smith, and one adopted child, Greg Smith. The trial court found that Dawnita, Daphne, and Greg were the remaindermen to the life estate of Robert. Dawnita and Daphne appealed. We reverse because the testator's language expressed an intent to eliminate adopted children from the devise.


¶2 The decree of settlement of final account, determination of heirship and distribution for the parties' grandmother, Esther Smith, stated:

[P]ursuant to numerical paragraph 3 of said Will, there is distributed to Robert Lee Smith a life estate in and to the [specified tract], and at his death the remainder to be distributed to his natural children, Daphne Smith, Donita Smith, and any other child or children borm [sic] to him, in equal shares, share and share alike.


The parties agree that "Donita" means Dawnita and that "borm" means born. They agree that Robert adopted Greg after Robert married Greg's biological mother.


¶3 After Robert died, his daughters filed the action below seeking to quiet title to the property. The parties submitted the case on stipulated facts. At trial, the court announced its ruling that the adopted child should be treated the same as the natural child, and those children born to Robert Smith included adoptive children. The trial court granted judgment determining that all three children were remaindermen to Robert's life estate.


¶4 Dawnita and Daphne contend the trial court erred by interpreting the devise contrary to Esther's intent as expressed in the language of her will. We agree.


¶5 The Oklahoma Adoption Code, 10 O.S. 2011 §7505-6.5(A), provides:

After the final decree of adoption is entered, the relation of parent and child and all the rights, duties, and other legal consequences of the natural relation of child and parent shall thereafter exist between the adopted child and the adoptive parents of the child and the kindred of the adoptive parents. From the date of the final decree of adoption, the child shall be entitled to inherit real and personal property from and through the adoptive parents in accordance with the statutes of descent and distribution.


This language has the effect of abolishing all pre-existing differences between adopted and natural children. Matter of Estate of Flowers, 1993 OK 19, ¶10, 848 P.2d 1146, 1151. Adopted children may not be eliminated as beneficiaries or devisees absent a clear and explicit expression to do so. Hines v. First Nat. Bank & Tr. Co. of Oklahoma City, 1985 OK 78, ¶6, 708 P.2d 1078, 1081. While the term "issue" does not exclude adopted children, the phrases "issue of the body" and "issue born in wedlock" do express an intent to except adopted children from sharing in the estate. Id. at ¶¶6-7.


¶6 In the present case, Esther limited the distribution of the remainder to natural children born to Robert. We hold that this phrase was sufficient to express an intent to eliminate adopted children from the devise. The trial court's judgment is REVERSED and this matter is REMANDED for further proceedings consistent with this opinion.




JOPLIN, J., concurs; BELL, J., dissents.









 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1993 OK 19, 848 P.2d 1146, 64 OBJ 817, Estate of Flowers, Matter of
Discussed
 1985 OK 78, 708 P.2d 1078, Hines v. First Nat. Bank and Trust Co. of Oklahoma City
Discussed